## PENELOPE G. LITTLEFIELD *vs.* THE CITY OF NORWICH.

A passage way from a sidewalk in a city into the basement of a building was protected by a removable iron grating covered with boards, the iron work being fitted to the opening in such a way that it could not be left in an insecure condition except by gross carelessness. After being in this condition for forty years, during which time it had never been known to be left out of its place, the passage way was used by a stranger, who did not replace the grating properly, and a few minutes after the plaintiff, who was passing on the sidewalk, stepped upon it and it gave way, and she was injured. Held that the city was not liable.

If the construction of the grating had been such as to make it constantly dangerous to public travel upon the walk, by its liability to be left out of place, and a proper supervision and care on the part of the city authorities would have discovered the danger and guarded against it, the city would have been liable. It is the duty of the city authorities to be vigilant to guard against such accidents.

The court will grant a new trial on the ground that the verdict was against the

evidence, more readily where the question involved is a mixed one of law and fact, or where the law and the facts are so dependent upon each other that it is difficult to separate them.

Most cases of negligence, and some cases of fraud, especially constructive fraud, are of this character.

CASE, for an injury to the plaintiff from a defect in a sidewalk of the defendant city ; brought to the Superior Court in New London County, and tried to the jury, on the general issue, before *Park, J.* Verdict for the plaintiff and motion for a new trial by the defendants for error in the charge of the court and on the ground that the verdict was against the evidence. The case is sufficiently stated in the opinion.

*Halsey* and *Pratt,* in support of the motion.

*Wait* and *Holbrook,* contra.

CARPENTER, J. The plaintiff received an injury by reason of stepping upon a grating or covering, not properly secured, to a stairway, in the sidewalk, leading to the basement of an adjoining building. The court instructed the jury that " if they were satisfied that the sidewalk in question was at the time defective by reason of the grating being left out of its place, in a dangerous condition to passengers upon the sidewalk, and if they were further satisfied that the facts with regard to the grating were sufficient to apprise the defendants, and did apprise them, of the liability of the grating being left out of its place, in a dangerous condition, as it was at the time in question, and that the danger to travelers in this respect was so great that the grating was defective in view of the threatened danger, so that reasonable care required the defendants to secure the grating by hinges, or in some other manner, so that it could not have been left out of its place, then the defendants were liable, whether they knew of the existence of the particular defect that caused the injury to the plaintiff or not, inasmuch as it was not pretended that they had exercised such care."

This sentence is long and somewhat complicated, and it is

possible that the jury did not fully comprehend it; but we do not think it states the law incorrectly. Such a covering may be so constructed as to require great care in its adjustment, and therefore be liable to be left out of its place even by persons of ordinary prudence; and may remain in that condition for so long a time as to warrant a jury in finding that the city had notice of it. If the danger of its being left out of position is great and obvious, the duty of the city authorities is plain. But the city may be liable in cases where the danger is not so apparent. In cases of this kind we think they should be vigilant to guard against accidents. If slight negligence, indeed anything short of gross carelessness, would be likely to result in the covering being misplaced, we think a duty devolves upon them to cause it to be made secure. If they neglect this duty they cannot excuse themselves on the ground that they did not know that it was in fact misplaced at the time of the accident. The charge recognizes, and is based upon, these principles. But we are satisfied that the jury erred in returning a verdict for the plaintiff.

The principles which govern this court in refusing or granting a new trial, when asked for on the ground that the verdict is against the evidence in the cause, are too well understood to require repetition here. Our rule is that the court will more readily grant a new trial where the question involved is a mixed question of law and fact, or where the facts are so blended with the law and the law and the facts are so dependent upon each other that it is difficult to separate them. *Derwort & wife* v. *Loomer*, 21 Conn., 245; *Potter* v. *Payne*, id., 361. Most cases of negligence and some cases of fraud, especially constructive fraud, are cases of this description.

The question in this case was, whether the defendants had neglected any duty in relation to this sidewalk. Was it in a safe condition? Did they do all that could reasonably be required of them under the circumstances? Thus it becomes a question of reasonable care, in which matters of fact and of law blend.

The evidence shows that the covering to this opening consisted of an iron grating, covered with boards. The iron

work was fitted to the opening, pieces projecting at each end beyond the opening and resting in slots cut in the stone work for that purpose, so that when it was in its place it was perfectly safe, and could not be accidentally or unintentionally misplaced, and when used the slightest care would adjust it properly, and it could not be left out of its place except by gross carelessness. It had been in that condition for forty years, was in one of the principal streets in the city, and was never known to be left out of its place before.

At this time the stairway had been used by a stranger, the grating was not properly replaced, and in a few minutes thereafter the accident happened. It is hardly possible that the city authorities could have known of its condition at the time, and we see nothing in the evidence that should have the effect of apprising them of any danger of its being left in an unsafe condition. If so they are chargeable with no negligence. They are certainly not insurers, and they were not bound to presume that those having occasion to use the stairway would be guilty of gross carelessness. So far as we can judge the arrangement was reasonably safe; and unless we are prepared to hold that the defendants were bound to guard against the possibility of an accident, we do not see how any liability attaches to them.

The jury must have misjudged, and founded their verdict upon a misconception of the legal aspect of the question before them; in consequence of which, manifest injustice has been done the defendants.

For these reasons the verdict must be set aside and a new trial granted.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below did not sit.