LOUISE WARD *v.* CITY OF HARTFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 3—decided June 30, 1948

*Dennis P. O'Connor,* with whom was *John W. Joy,* for the appellant (plaintiff).

*James D. Cosgrove,* assistant corporation counsel, with whom, on the brief, was *Franz J. Carlson,* corporation counsel, for the appellee (defendant).

JENNINGS, J. The plaintiff had a verdict for damages for injuries sustained because of a defective highway under General Statutes, § 1420. The trial court granted a motion to set aside the verdict on the

ground that the defendant did not have notice of the defect.

The jury could reasonably have found the following facts: The westerly terminus of State Street in Hartford is the east line of Main Street. The north sidewalk on State Street, near Main, is eighteen feet wide and lined with retail stores. It is one of the most heavily traveled sidewalks in Hartford. Traffic at the intersection is controlled by lights and a policeman assists in directing pedestrians. On the day in question he was performing his duty. The accident took place approximately 100 feet east of Main Street on the sidewalk described.

At about 12:15 p.m. on December 26, 1944, a boy dropped a bottle of maple syrup on the sidewalk. The bottle broke and the syrup spread slowly so as to cover a circle which, the plaintiff testified, was about four yards in circumference. The sidewalk was otherwise dry. Soon afterward a pedestrian slipped on the syrup and fell but was not injured. A little before 1 p.m. the plaintiff slipped, fell and was injured. Uncontradicted evidence was introduced as to the size and difficulty of the problem faced by the defendant in caring for its streets. There are 200 miles of streets, 350 miles of sidewalks and 3100 crosswalks in Hartford.

The question of notice is the only issue in the case at bar, as was stated above. There was no claim of actual notice. "To charge the defendant with constructive notice, it was incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it. And proof of this fact must be definite and clear." *Falkowski* v. *MacDonald,* 116

Conn. 241, 245, 164 A. 650; *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 A. 147; *Ritter* v. *Shelton,* 105 Conn. 447, 450, 135 A. 535. "Unless the facts are undisputed and are such that but one inference reasonably can be drawn from them, the question of constructive notice is one of fact for the jury." *Matchulot* v. *Ansonia,* 116 Conn. 55, 57, 163 A. 595; *Frechette* v. *New Haven,* 104 Conn. 83, 94, 132 A. 467; *Scoville* v. *West Hartford,* 131 Conn. 239, 243, 38 A. 2d 681.

These citations undoubtedly indicate that the question of constructive notice is ordinarily one of fact. The precise question to be determined is whether the facts in the case at bar "are such that but one inference reasonably can be drawn from them."

The time the defect in this case existed did not exceed forty-five minutes. A finding of constructive notice of a defect of this character based on the duty of general supervision and inspection would be unreasonable in view of the short time it existed and the extent of the problem facing the city, even though the defect was located on one of its most heavily used sidewalks. *Burlant* v. *Hartford,* 111 Conn. 36, 37, 149 A. 132. The plaintiff's claim that the traffic policeman should have seen and remedied the situation within that time will not bear analysis. The spot was within his range of vision, but many pedestrians were using the sidewalk in question. If he was on the east side of Main Street, his attention would normally and properly be directed to pedestrian traffic crossing that street and so away from the place of accident. If he was on the west side of Main Street, he would be too far away to make it a reasonable assumption that he would have noticed the spot on the walk. Even if he had seen it, there was nothing in a wet spot on a dry sidewalk to warn him that it was dangerous.

The cases on this subject are innumerable, and precedents are of little value because each case must be decided on its peculiar facts. On the general proposition that the constructive notice claimed was insufficient as a matter of law, the following are illustrative: *Jennes* v. *Norwich*, 107 Conn. 79, 81, 140 A. 119; *Frohlich* v. *New Haven*, 116 Conn. 74, 76, 163 A. 463; *Meallady* v. *New London*, 116 Conn. 205, 208, 164 A. 391; *Littlefield* v. *Norwich*, 40 Conn. 406, 408; *Jainchill* v. *Schwartz*, 116 Conn. 522, 525, 165 A. 689; *Burlant* v. *Hartford*, supra. Store cases, like *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 45 A. 2d 710, principally relied on by the plaintiff, are not helpful. The standard of care is the same, but the loci involved are too dissimilar in area and character to make decisions in one group of cases applicable to the other.

The action of the trial court in granting the **motion** to set aside the verdict was correct.

There is no error.

In this opinion the other judges concurred.