DONNA M. COHEN *v.* TOWN OF HAMDEN
(10419)

FOTI, LAVERY and FREEDMAN, Js.

Argued February 25—decision released May 5, 1992

*Barry B. Johnson-Fay,* for the appellant (plaintiff).

*Burton S. Rosenberg,* town attorney, for the appellee (defendant).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court setting aside a jury verdict awarding her $200,000 in damages. The plaintiff claims that the trial court improperly concluded (1) that there was insufficient evidence to support the verdict and (2) that the jury allowed sympathy to influence its verdict.

The plaintiff brought an action against the defendant seeking money damages for personal injuries sustained in a motor vehicle accident. The complaint alleged that the defendant breached its statutory duty, pursuant to General Statutes § 13a-149,[1] to maintain

---

[1] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describ-

its streets in a reasonably safe condition, and that this breach of duty caused the plaintiff to suffer physical injuries. The complaint further alleged, inter alia, that the street was in a defective and dangerous condition in that its surface was covered with ice and snow; that the defendant was aware of such condition or, in the exercise of reasonable care and inspection, should have been aware of such condition; that such condition was the sole proximate cause of the accident and the injuries to the plaintiff; and that the plaintiff had given the defendant the requisite statutory notice. The defendant's answer denied the allegations of the plaintiff and asserted the special defénse of contributory negligence, which special defense the plaintiff denied.

The jury reasonably could have found the following facts. At approximately 5 a.m. on February 23, 1987, the plaintiff, a special education teacher in the New Haven school system, went outside of her house and observed that it had begun to snow. She learned by listening to the radio that the schools in Hamden were closed but that the schools in New Haven were open. She left in her car for work between 6:10 and 6:15 a.m. As she drove down a hill on Benham Street, her car began to slide to the left and struck a car that was coming up the hill. The plaintiff suffered injuries to her head, back, arms and legs. The Hamden police detective who responded to the accident testified that he was dispatched to the scene at 6:27 a.m. The total snowfall on February 23, 1987, was about two and one-half inches, which accumulated between approximately 5 a.m. and noon. The public works crews of the town of Hamden normally report for work at 8 a.m., but were called in at 6 a.m. to plow and sand the roads.

ing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

The matter was tried to a jury and after the plaintiff rested her case, the defendant moved for a directed verdict, which the trial court denied. The defendant then rested without presenting any evidence. The court charged the jury and the jury returned a verdict in favor of the plaintiff, awarding her damages in the amount of $200,000. The defendant thereafter filed a timely motion to set aside the verdict on the grounds of insufficient evidence. The trial court granted the defendant's motion.

In its memorandum of decision, the trial court referred to the fact that the plaintiff suffers from multiple sclerosis, a condition not claimed to be due to the injuries sustained in the accident, and that throughout the trial the plaintiff's movement in front of the jury "was extremely slow and made with apparent discomfort." The court stated that "[t]he evocative appeal to the jury for its sympathy was intense throughout the trial." The trial court concluded that even though it had instructed the jury to set aside any feelings of sympathy and to decide the matter on the basis of the facts presented, it was obvious from the award that the jury allowed sympathy to influence the verdict and that the verdict rendered was biased and the result of prejudice.

In addition, the trial court found that the evidence was "insufficient to meet the burden of proof required as to each and every element under [§ 13a-149]," and concluded its memorandum with the statement that "[t]he verdict herein is set aside because the evidence is insufficient to support the verdict." Because we agree with the trial court that there was insufficient evidence to support the verdict, we need not reach the issue of the propriety of the trial court's findings and comments regarding the physical condition of the plaintiff and the influence that it may have had on the jury.[2]

---

[2] We are compelled to note, however, that a thorough examination of the record reveals nothing that would support this conclusion by the

When considering the action of a trial court granting or denying a motion to set aside a verdict, we must determine whether the trial court abused its discretion. *State* v. *Hammond,* 221 Conn. 264, 604 A.2d 793 (1992); *Jeffries* v. *Johnson,* 27 Conn. App. 471, 475, 607 A.2d 443 (1992). "The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence." *O'Brien* v. *Seyer,* 183 Conn. 199, 208, 439 A.2d 292 (1981). "The decision to set aside a verdict involves the exercise of a broad discretion in the trial court which, in the absence of a clear abuse, will not be disturbed and, in reviewing the exercise of that discretion, every reasonable presumption should be indulged in favor of its correctness." Id.

"We are also mindful of the unavoidable tension between our deferential standard of appellate review and the litigants' constitutional rights to have issues of fact resolved by a jury." *Donahue* v. *State,* 27 Conn. App. 135, 140, 604 A.2d 1331 (1992). "Because by setting the verdict aside the trial court infringed on the parties' rights to have factual issues resolved by a jury, we examine the evidential basis of the verdict itself to determine whether the trial court abused its discretion." Id.

The basis of the plaintiff's claim was that the town breached its statutory duty to keep its streets free of defects, namely, ice and snow. "In order to recover under [a] complaint for breach of statutory duty, the plaintiff must prove, by a preponderance of the evidence (1) that the highway was defective in the manner claimed, (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the municipality, it should have

trial court, nor was the issue ever raised by the defendant during the course of the trial.

known of that defect, (3) *that the defendant, having actual or constructive knowledge of this defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so,* and (4) that the defect must have been the sole proximate cause of the injuries claimed, which means that the plaintiff must prove freedom from contributory negligence. *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981)." (Emphasis added.) *Janow* v. *Ansonia,* 11 Conn. App. 1, 2–3, 525 A.2d 966 (1987); see also *Hall* v. *Burns,* 213 Conn. 446, 462, 569 A.2d 10 (1990).

In setting aside the verdict, the trial court found that the plaintiff had failed to sustain her burden of proving that the defendant had notice of the defect, and had sufficient time to remedy the defect. It is clear that the defendant had notice that it had begun to snow prior to the accident. The notice that is required by § 13a-149, however, is notice of "the particular defect itself which caused the injury and not merely notice of the conditions naturally productive of the defect and in fact producing it." *Baker* v. *Ives,* 162 Conn. 295, 305, 294 A.2d 290 (1972). "If the plaintiff is to prevail, evidence had to be introduced to show that the ice was at the locus of the [accident] for a sufficient period of time so that the condition should have been discovered had the [town] exercised reasonable supervision over its highways as a whole." Id.

The plaintiff also was required to prove that the town was afforded a reasonable opportunity to remedy the defect. The standard of care to be applied in determining whether a municipality has had a reasonable opportunity to remedy a highway defect is "the care which the ordinary prudent person under the circumstances would exercise." *Hall* v. *Burns,* supra, 474. "[I]t was incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the

exercise of reasonable care could and should have discovered and remedied it. And proof of this fact must be definite and clear." *Ward* v. *Hartford,* 134 Conn. 694, 695, 60 A.2d 512 (1948).[3]

The evidence, construed in the light most favorable to the plaintiff, is as follows. The snow began to fall shortly before 5 a.m.; by 6 a.m., the Hamden schools had been closed, and at 6 a.m. the public works crews were called in to begin sanding and plowing. The town of Hamden is responsible for the care and maintenance of approximately 220 miles of roads, not including sidewalks. The temperature range for the day was between thirty-one and forty-two degrees fahrenheit. The accident occurred sometime between 6:15 a.m., when the plaintiff left for work, and 6:27 a.m., when the responding police officer received a call from dispatch concerning the accident. The snow continued to fall until about noon, and the total accumulation for the day was approximately two and one-half inches. The plaintiff did not testify that the hill in fact looked icy, but testified only that it felt slippery when she was driving.

Given the facts and circumstances of this case, we cannot conclude that the trial court abused its discretion in concluding that there was insufficient evidence to support the jury's verdict for the plaintiff. Even if we could conclude that the trial court abused its discretion in finding that the town did not have notice of the defect, we cannot say that the trial court abused its discretion in concluding that the town did not have sufficient opportunity to take reasonable steps to remedy the defect. A finding of constructive notice of the alleged icy and slippery road, based on the duty of gen-

[3] We recognize that the methods for the removal of snow and ice have been greatly improved since 1948. They have not, however, been improved to the extent that such removal can occur without some delay between its accumulation and subsequent removal.

eral supervision and inspection, would be unreasonable in view of the relatively short time that the condition existed and the extent of the problem facing the town of Hamden, with its many miles of roads and sidewalks. See, e.g., *Ward* v. *Hartford,* supra, 696. Moreover, even if such a finding is warranted, it would nevertheless be unreasonable to find that the town had sufficient time to take reasonable steps to remedy the defect, steps beyond those that the town had already taken. The fact that the Hamden schools had been closed does nothing to support the plaintiff's case on the issue of notice, because it does not prove that the town had knowledge of the alleged icy condition on Benham Street.

"It is not the duty of a municipality to keep its highways reasonably safe for public travel under all circumstances, nor to use all possible means to bring that result about; rather its duty is to make such efforts and employ such measures to that end as, in view of all the existing circumstances and conditions, are in themselves reasonable." *Cusick* v. *New Haven,* 148 Conn. 548, 551, 172 A.2d 905 (1961).

We conclude, therefore, that the trial court did not abuse its discretion in setting aside the verdict in this case.

The judgment is affirmed.

In this opinion the other judges concurred.