JOSEPH CACIOPOLI *v.* MICHAEL ACAMPORA
(10951)

LANDAU, HEIMAN and FREEDMAN, Js.

Argued January 6—decision released February 16, 1993

*Robert G. Oliver,* with whom, on the brief, was *John W. O'Meara,* for the appellant (defendant).

*Bruce D. Jacobs,* with whom was *Irene P. Jacobs,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals from the judgment of the trial court setting aside a jury verdict in his favor. On appeal, the defendant asserts that the trial court improperly (1) set aside the verdict in favor of the defendant on determining that a special defense should not have been submitted to the jury as a matter of law, and (2) overturned the jury's finding of comparative negligence and ruled that there was no evidence that the plaintiff's conduct contributed in any manner to his injuries, where the defendant introduced substantial evidence in support of the special defense that the plaintiff failed to take proper precautions for his own safety and caused his own injuries. We reverse the trial court's judgment.

The following facts are necessary for a resolution of this appeal. On March 23, 1987, the plaintiff and Frank Dolceacqua were employed as plumbers by Yale University. They were working at a job site and needed additional materials. They accepted a ride with the defendant in his 1984 Chevrolet van to pick up the materials and to get coffee. Dolceacqua rode in the passenger's seat, while the plaintiff rode in the back of the van on the plywood floor near the right rear wheel. After obtaining the materials and coffee, they got back into the van to return to the job site.

The van in which they were riding had been modified to hold plumbing supplies. The plaintiff testified that he sat on some deep shelves that were attached to the driver's side of the van and that he was leaning forward, holding a cup of coffee. The defendant and Dolceacqua both testified that the plaintiff was sitting

on the five and one-half inch wide edge of a step ladder that was attached to the shelves.

On the way back to the job site, as the defendant attempted to make a left turn, he noticed a jogger coming from the right. To avoid hitting the jogger, the defendant applied the brakes. The plaintiff was thrown to the floor and injured. The defendant testified that the plaintiff attempted to balance his cup of coffee as he was thrown forward.

The plaintiff brought an action in negligence against the defendant. In his substituted complaint, the plaintiff alleged that the defendant applied his brakes more forcefully than was necessary. He also alleged that the defendant failed to take reasonable steps to warn the plaintiff so that the plaintiff could brace himself, failed to provide the plaintiff with a reasonably safe place to sit or with any restraining device, and failed to keep a reasonable and proper lookout for pedestrians. The defendant filed an answer and special defense. In the special defense, the defendant alleged that the plaintiff was comparatively negligent in failing to take proper precautions for his own safety while riding in the defendant's vehicle, to sit on a seat in the van, to make reasonable and proper use of his senses and faculties, and to solicit aid or assistance. The plaintiff denied the allegations set forth in the special defense.[1]

After a jury trial, the jury rendered a verdict in favor of the defendant. The jury, through special interrogatories, found that the defendant was negligent, that his negligence was a proximate cause of the plaintiff's injuries, that the plaintiff was contributorily negligent, and that his contributory negligence was a proximate cause of his own injuries. In comparing the negligence

[1] The court charged the jury on only one of the defendant's allegations of comparative negligence—that the plaintiff failed to take reasonable precautions for his own safety. The plaintiff did not except to this charge.

of the parties, the jury found that the plaintiff was 51 percent negligent, and therefore the plaintiff was barred from recovery for his injuries. The plaintiff subsequently filed a motion to set aside the verdict. After finding that it had improperly submitted to the jury the issue of contributory negligence because "there was no evidence that the conduct of the plaintiff contributed in any manner to his injuries," the trial court granted the motion and ordered a new trial. This appeal followed.

The defendant asserts that the trial court clearly abused its discretion in setting aside the jury's verdict in his favor. He claims that the special defense that the plaintiff failed to take proper precautions for his own safety in riding in the van was legally valid in light of the plaintiff's allegations in the substitute complaint. He also claims that ample evidence supported the allegations of his special defense. We agree that the trial court abused its discretion in setting aside the jury's verdict.

The trial court may set aside a jury verdict that the court finds to be against the law or the evidence. *American National Fire Ins. Co.* v. *Schuss,* 221 Conn. 768, 774, 607 A.2d 418 (1992); *Palomba* v. *Gray,* 208 Conn. 21, 23–24, 543 A.2d 1331 (1988); *Cohen* v. *Hamden,* 27 Conn. App. 487, 491, 607 A.2d 452 (1992). A trial court's ruling to set aside the verdict will not be overturned on appeal unless the trial court abused its discretion. *American National Fire Ins. Co.* v. *Schuss,* supra, 774–75; *Jeffries* v. *Johnson,* 27 Conn. App. 471, 475, 607 A.2d 443 (1992). Every reasonable presumption should be indulged in favor of the correctness of the trial court's decision to set aside the verdict because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced. *Cohen* v. *Hamden,* supra; *Jeffries* v.

*Johnson,* supra, 475–76; *Donahue* v. *State,* 27 Conn. App. 135, 140, 604 A.2d 1331 (1992).

Unlike this court, the trial court had "the same opportunity as the jury to view the witnesses, to assess their credibility . . . to determine the weight that should be given to their evidence . . . [and] to gauge the tenor of the trial . . . ." (Citations omitted; internal quotation marks omitted.) *Donahue* v. *State,* supra, 139–40; see also *American National Fire Ins. Co.* v. *Schuss,* supra, 775. If the trial court finds that the verdict is "so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside the verdict. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Hammond,* 221 Conn. 264, 268, 604 A.2d 793 (1992). The trial court should thus set aside the jury's verdict "where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that [the jurors] or some of them were influenced by prejudice, corruption or partiality." (Internal quotation marks omitted.) *American National Fire Ins. Co.* v. *Schuss,* supra, 774; see also *Jeffries* v. *Johnson,* supra, 475. A verdict, however, should not be set aside where the jury reasonably could have based its verdict on the evidence. *American National Fire Ins. Co.* v. *Schuss,* supra.

While the trial court has broad discretion to set aside verdicts, it should be mindful that " '[l]itigants have a constitutional right to have factual issues resolved by the jury.' " *Berry* v. *Loiseau,* 223 Conn. 786, 807, 614 A.2d 414 (1992); *Donahue* v. *State,* supra. "The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable

limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded [persons] passed upon by the jury and not by the court." (Internal quotation marks omitted.) *Donahue* v. *State,* supra, 140. "Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." *Berry* v. *Loiseau,* supra, 807–808.

We first note that, as a matter of law, the alleged contributory negligence of a passenger riding in a vehicle is relevant in considering whether to bar his recovery. See *Hinch* v. *Elliott,* 119 Conn. 207, 209, 175 A. 684 (1934); see also *Guilfoile* v. *Smith,* 97 Conn. 271, 273, 116 A. 237 (1922).[2] The standard of care owed by the passenger of a motor vehicle is that of a reasonable and ordinarily prudent person under similar circumstances. See *Dennison* v. *Klotz,* 12 Conn. App. 570, 578, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988); see also *Guarnaccia* v. *Wiecenski,* 130 Conn. 20, 23, 31 A.2d 464 (1943). The passenger's alleged contributory negligence is therefore the proper subject of a special defense.[3] See *Dennison* v. *Klotz,* supra.

---

[2] The cases cited were decided prior to the enactment of General Statutes § 52-572h, our comparative negligence statute.

[3] The trial court's reliance on *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762 (1929), appears to be misplaced. In that case, our Supreme Court held that there must be "a causal relation between the act of negligence and the injury in whole or part. If not, the court, as a matter of law, should in its instruction exclude from the consideration of the jury any such claimed injury." Id., 196. In *Mahoney* v. *Beatman,* supra, 198–99, our Supreme Court concluded that the plaintiff's action in driving his car at an excessive rate when he was struck by another car that was traveling on the wrong side

Because by setting the verdict aside the trial court infringed on the parties' rights to have factual issues resolved by a jury, we examine the evidential basis of the verdict itself to determine whether the trial court abused its discretion. *American National Fire Ins. Co.* v. *Schuss,* supra, 775; *Cohen* v. *Hamden,* supra; *Donahue* v. *State,* supra.

The jury reasonably could have found that, but for the manner in which the plaintiff sat in the back of the van, he would not have been injured. Both the defendant and Dolceacqua testified that the plaintiff sat on the edge of a ladder in the back of the van. On the trip to obtain the materials and coffee, the plaintiff sat on the floor of the van. There was testimony that the plaintiff was leaning forward prior to the defendant's application of the brakes on the return trip to the job site. The defendant testified that the plaintiff attempted to balance his cup of coffee as he was thrown forward by the jolt of the stop. "It is uniquely the province of the trier of fact, in this case the jury, to determine the import of the evidence by gauging the credibility of the witnesses. . . . The fact that certain testimony is uncorroborated, or even contradicted, does not make it insufficient to support a verdict if the testimony is believed by the trier." (Citations omitted.) *Berry* v. *Loiseau,* supra, 821; *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 454, 612 A.2d 114 (1992). From this evidence, the jury reasonably found that the plaintiff was contributorily negligent by the method in which he rode in the van and that his negligence exceeded that of the defendant. The trial court usurped the jury's factfinding function by finding that the "incident of the plain-

of the road was a condition and not the proximate cause of his injuries. In this case, the jury reasonably could find that the plaintiff was negligent in failing to take proper precautions for his own safety in riding in the vehicle and that that negligence was the proximate cause of his injuries and not simply a condition.

tiff having been thrown forward which resulted in his injuries was caused solely by the negligence of the defendant," and thus deprived the defendant of his constitutional right to have the disputed issues in the case decided by the jury. See *Berry* v. *Loiseau,* supra, 807. The trial court therefore abused its discretion in setting aside the verdict.[4]

The judgment is reversed and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.

___

[4] The plaintiff asserts that the trial court's action in setting aside the verdict was also appropriate on an alternative ground. He asserts that the trial court improperly instructed the jury that the special defense applied only to one allegation of negligence, the defendant's failure to provide the plaintiff with a reasonably safe place to sit. He also asserts that the trial court improperly failed to instruct the jury that in order to find that the plaintiff's negligence was the proximate cause of his own injuries, it must find that the negligence must have contributed to the event that caused his injuries. In the trial court's presence, the plaintiff agreed with the defendant that the special defense was properly submitted for the jury's consideration. He failed to take exception to the charge. We observe no plain error in the charge to the jury; see Practice Book § 4185; and therefore conclude that the plaintiff's alternative ground is without merit.