[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTION TO REQUEST FOR LEAVE TO AMEND
I.
On January 6, 1993, the plaintiff, Elaine McGowan, filed a complaint against the defendants Diane Simons and Joyce P. Mletshnig, in which she alleges the following facts: On May 19, 1991, at approximately 2:18 a.m., the plaintiff was a passenger in the right front seat of a 1978 Pontiac Bonneville owned by the defendant Mletshnig and operated by the defendant Simons on a public highway in the Town of Old Lyme, Connecticut. As the defendant Simons approached a curve in the roadway, she failed to negotiate the turn, drove off of the road, and struck a tree, thereby causing personal injuries and losses to the plaintiff. The complaint alleges negligence and recklessness and seeks double or treble damages pursuant to Connecticut General Statutes 14-295. After the defendants filed an answer to the complaint, they filed a request for leave to amend their answer pursuant to Practice Book 174 et seq., and seek to add two special defenses. The plaintiff filed a memorandum of law in opposition to the defendants' request for leave to amend.
 II.
A party may amend his pleadings or other parts of the record or proceedings any time thereafter: by order of the court; by written consent of the adverse party; or by filing a request for leave to file the amendment with the amendment appended. Practice Book 176.
 [Section 176] [a]mendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of CT Page 9424 discretion.
(Citations omitted.) LoSacco v. Young, 20 Conn. App. 6, 17-18, cert. denied, 213 Conn. 808 (1983).
The defendants allege in their proposed first special defense:
 The plaintiff, in riding with the defendant, was negligent in that she knew or should have known that the defendant operator had imbibed of intoxicating beverages such that her faculties and the use of her senses were affected.
The plaintiff argues that because the passenger of an automobile has no duty to keep a lookout or assume the responsibilities and duties of the driver, the first special defense is not cognizable under the law of Connecticut.
Several Superior Court decisions have held that factors relevant to the assumption of risk doctrine may be raised when alleging the plaintiff's comparative negligence under factual circumstances similar to those in the present case. See, e.g., Maulucci v. Canevari, 8 CSCR 293 (February 26, 1993, Hennessey, J.) (motion to strike special defense denied where special defense stated that "[plaintiff] knew or should have known of the condition of the driver, yet he voluntarily and willingly rode with him as a passenger in a motor vehicle."); Orr v. Maheux, 3 Conn. L. Rptr. 87 (December 10, 1990, Aronson, J.) (motion to strike special defense denied where the special defense alleged "that the plaintiff was himself negligent by participating in and encouraging the ingestion of alcohol by the defendant . . ., and that the plaintiff thereby assumed the risk of this conduct when he voluntarily accepted a ride as a passenger knowing the intoxicated condition of the defendant driver. . . .") Penn v. Laboy, 2 Conn. L. Rptr. 165 (July 30, 1990, Axelrod, J.) (motion to strike special defense denied where the special defense alleged that "(the plaintiff's injuries . . . caused in whole or in part by her own negligence in that she voluntarily entered the defendant's vehicle and rode with her despite believing that the defendant was intoxicated."); Illin v. Facondini, 5 Conn. L. Rptr. 478 (January 27, 1992, Langenbach, J.) (motion to strike special defense denied where the special CT Page 9425 defense alleged that the plaintiff's injury "was a direct and proximate result of his own carelessness and negligence, in that he allowed himself to be a passenger in the . . . automobile, operated by the defendant, . . . when he knew or should have known that the defendant was in a state of intoxication."). But see McCormack v. Sedlak, 6 Conn. L. Rptr 594 (June 23, 1989, McDonald, J.) (motion to strike special defense was granted where the special defense alleged "that the plaintiff was negligent in riding in the vehicle knowing that the defendant was intoxicated." That court held that assumption of the risk is not a defense to the violation of statutes designed to protect the public, such as General Statutes 14-227a, which prohibits the operation of motor vehicles while intoxicated.) However, "[E]lements involving the failure of the plaintiff to comprehend a risk may be specially pleaded [by the defendant] and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant." Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 798 (1983). (Wendland II.) "When a plaintiff's conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in [General Statutes 52-572h(b) should apply." Id., 798, quoting James, Connecticut Comparative Negligence Statute: an Analysis of Some Problems", 6 Conn. L. Rev. 207, 213 (1974). (Emphasis in original.) The court concludes that the defendant's first special defense is "cognizable" under the law of Connecticut and may be pleaded.
The defendants also allege the following second special defense.
 The plaintiff had imbibed of intoxicating beverages to such an extent as impaired her faculties and rendered her in an unfit condition to make use of her ordinary senses or to give protection to herself.
The plaintiff argues that because the passenger of an automobile has no duty to keep a lookout or assume the responsibilities and duties of the driver, the second special defense is not a cognizable defense under the law of Connecticut.
The Connecticut Supreme Court in Clarke v. CT Page 9426 Connecticut Co., 83 Conn. 219, 224 (1910), has stated that ". . . under extreme and particularized circumstances, there may be a very limited duty required of a passenger in an automobile to look out for threatened or possible damages, and to warn the driver of such after discovery." Numerous cases following Clarke appear to have applied the same principle of law. Boscarello v. N.Y.N.H. H.R. Co., 112 Conn. 279 (1930); Tracy v. Welch, 109 Conn. 144 (1929); Dennison v. Klotz,12 Conn. App. 570, 577-78 (1987). The standard of care owed by the passenger of a motor vehicle is that of a reasonable and ordinarily prudent person under similar circumstances. Capiopoli v. Acampora, 30 Conn. App. 327, 332 (1993); see Dennison v. Klotz, supra, 578. "[A] passenger's alleged contributory negligence is therefore the proper subject of a special defense." Capiopoli v. Acampora, supra, 332. The court concludes that the defendants' second special defense is "cognizable" under the law of Connecticut.
As the plaintiff can point to no delay or negligence on the part of the defendants in filing the proposed request to amend, and no unfairness or unreasonable trial delay if the amendment is granted, the court overrules the plaintiff's objection to the defendants' request for leave to amend.
Teller, J.