[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S (LISA LACKARD'S) MOTION TO STRIKE DEFENDANT'S SECOND SPECIAL DEFENSE FACTS
On March 30, 2001, the plaintiffs, Edward Lackard and Lisa Lackard, initiated a two-count complaint against the defendant, Barbara Vandecar. In count one of the complaint, Edward Lackard alleges that the defendant's negligence and carelessness caused a motor vehicle accident in which the defendant's car collided with Edward Lackard's motorcycle, which he was operating and on which Lisa Lackard was a passenger. In count two, Lisa Lackard alleges that she received injuries out of the same accident and that the defendant's negligence was the cause of the accident. On May 25, 2001, the defendant filed an answer and two special defenses. The first special defense alleges: "If the plaintiff Edward Lackard was injured in any of the ways alleged in his complaint, his injuries and losses were due to his own negligence." The second special defense alleges that:
 "If the plaintiff, Lisa Lackard, was injured in any of the ways alleged in the complaint, her injuries were due to the negligence and carelessness of Edward Lackard." On June 1, 2001, Lisa Lackard filed a motion to strike the defendant's second special defense and submitted a memorandum of law in support thereof. On September 28, 2001, the defendant submitted an objection to Lisa Lackard's motion to strike. A hearing was subsequently held by this Court on said motion.
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 255Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court . . . [must] take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992)
 ISSUES
The defendant alleges in her second special defense that: "[i]f the plaintiff, Lisa Lackard, was injured in any of the ways alleged in the complaint, her injuries were due to the negligence and carelessness of Edward Lackard, in that he: a. was driving unreasonably fast in violation of the standard of care; b. operated his vehicle at an unreasonable rate of speed, having due regard for the weather, width and use of said road or highway, in violation of Section 14-218a of the Connecticut General Statutes; c. failed to keep his vehicle under proper and reasonable control; d. failed to keep a reasonable and proper lookout for other motor vehicles upon the highway; e. failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so; f. failed to turn his vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so; g. he failed to sound his horn or to give any other warning of the impending collision."
Lisa Lackard moves to strike the defendant's second special defense on the ground that it is legally insufficient because it does not allege any duty, breach of duty or negligence on the part of Lisa Lackard. Lisa Lackard further argues that the second special defense merely relies on the contributory negligence of the co-plaintiff, Edward Lackard, and the defense of contributory negligence cannot be based on the alleged negligence of a third party. In her supporting memorandum of law, Lisa Lackard argues that Edward Lackard "is not a party to [her] claim against the defendant."
The defendant first argues in her objection to the motion to strike that Edward Lackard is a party to her action because: "By choosing to join her claim with those of Edward Lackard in the matter captioned EDWARD LACKARD V. BARBARA VANDECAR, Lisa Lackard affirmatively joined her action with that being brought by Edward Lackard, consenting to both being co-plaintiffs in the same action, making Edward Lackard a party to her action." (Defendant's Memorandum, pp. 1-2.) The defendant asserts the second special defense to preserve the claim that any damages that she CT Page 256 will be liable for to Lisa Lackard should be apportioned by the percentage of the comparative negligence of Edward Lackard. The defendant argues that because Edward Lackard is already a party to Lisa Lackard's action, an apportionment complaint cannot be filed against him. The defendant then argues: "The sole means by which the defendant can seek to apportion liability in the instant matter is to do so through the filing of a special defense alleging comparative negligence. Since the individual against whom liability is sought to be imposed through the special defense is already a named party to the lawsuit, he cannot be brought into the action." (Defendant's Memorandum, p. 2.) Lastly, the defendant argues that the "[p]laintiff cannot seek to avoid the imposition of the theory of apportionment liability based on comparative negligence by filing a joint lawsuit with a potentially liable party. To do so would circumvent the underlying principles of the theory of comparative negligence and apportionment of liability among all potential liable parties." (Defendant's Memorandum, p. 2.)
First, it is important to note that Edward Lackard is a party to Lisa Lackard's action against the defendant. General Statutes § 52-102b
(a) states in pertinent part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." (Emphasis added.) General Statutes § 52-102b (f) further states: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action."
Delaney v. Keemon, Superior Court, judicial district of New London at Norwich, Docket No. 116136 (April 30, 1999, Mihalakos, J.) (24 Conn.L.Rptr. 426), is a factually similar case in which the court considered the meaning of the term "party" under § 52-102b. There, the plaintiffs were riding as driver and passenger in an automobile that was struck by the vehicle of the defendants. The plaintiffs filed a four count complaint seeking damages for the injuries sustained in the accident. The defendants filed an apportionment complaint seeking to apportion their liability with the plaintiff driver as to the plaintiff passenger's injuries. The plaintiffs argued that the apportionment statute prohibited an apportionment suit where the proposed apportionment defendant was already a "party to the action." In holding that the plaintiff driver was a party to the action the court stated: "`Ordinarily, the word "party" has a technical legal meaning, referring "to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal CT Page 257 persons."'" Id., 427, quoting Lieberman v. Reliable Refuse Co.,212 Conn. 661, 669, 563 A.2d 1013 (1989). The court continued: "[The driver] is a plaintiff in this action. Therefore, from the express language of the statute, it is clear that General Statutes § 52-102b
does not apply. See Somers v. Heise, Superior Court, judicial district of Waterbury, Docket No. 131563 (August 2, 1996, Vertefeuille, J.) (17 Conn.L.Rptr. 285) (Section 52-102b `is limited to those situations where apportionment is sought against a person who is not a party to the action.')." Delaney v. Keemon, supra, 24 Conn.L.Rptr. 427.
The court also looked to the legislative history of § 52-102b: "`Seeking a clarification on whether the term "party" as used in the statute refers to someone who is a party to the lawsuit, Representative Radcliffe asked: "My understanding is that the bill uses the word `parties' and the word `party' is used for purposes of apportionment. Is it the proponent's understanding that `party' means party to the lawsuit. . . ." 38 H.R. Proc., pt. 9, 1995 Sess., p. 3272. Representative Lawlor, one of the proponents of the bill replied: "Yes. In fact, it would mean anyone who is actually a party to the lawsuit."'" (Emphasis in original.) Delaney v. Keemon, supra, 24 Conn.L.Rptr. 427, quotingMarconi Construction Co. v. D'Addeo's/AS Plumbing Heating Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551848 (January 28, 1998, Wagner, J.). Accordingly, Edward Lackard is a party to Lisa Lackard's negligence suit against the defendant.
Because § 52-102b can only be used to add people who are not parties to the action, the defendant correctly argues that she is prohibited from bringing an apportionment complaint or counterclaim against Edward Lackard because he is already a party to the action. Based on the fact that Edward Lackard is already a party to the action, and because the defendant does not want to lose her claim of apportionment against Edward Lackard for the injuries sustained by Lisa Lackard, the defendant attempts to assert a special defense against Lisa Lackard in which the defendant alleges only the comparative negligence of Edward Lackard. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999). The defendant argues: "The sole means by which the defendant can seek to apportion liability in the instant matter is to do so through the filing of a special defense alleging comparative negligence." The following case law demonstrates that the defendant's proposition is without merit.
Treimann v. Duncan, Superior Court, judicial district of Hartford-New CT Page 258 Britain at Hartford, Docket No. 573401 (July 21, 1998, Mulcahy, J.) (22 Conn.L.Rptr. 528), is a case on point. There, in a factually similar situation, the defendants filed a special defense as to the passenger plaintiff alleging contributory negligence. The court granted the plaintiffs' motion to strike the special defense stating: "`The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it.' Silverman v. Silverman, 145 Conn. 663, 668,145 A.2d 826 (1958). . . . [T]he alleged contributory negligence of a passenger [however] is relevant in considering whether to bar his recovery' where negligent conduct by the passenger is alleged. Caciopoliv. Acampora, 30 Conn. App. 327, 332, 620 A.2d 191 (1993). . . ." (Citations omitted.) Treimann v. Duncan, supra, 22 Conn.L.Rptr. 529. The court continued: "In the present case, the defendants do not allege any specific acts of negligence on the part of [the passenger]. . . . [The defendant], in his special defense, alleges negligent acts by the driver . . . only. The defendants make no claims of specific acts of negligent conduct by the passenger . . . nor do they allege that [the passenger] had any control over the operation of the vehicle. Thus, the defendants' special defenses of contributory negligence as to [the passenger's claims] are legally insufficient." Id.
Another factually similar case is Romero v. Khondker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529408 (November 4, 1994, Wagner, J.). The plaintiffs, a driver and passenger of a vehicle that was involved in a collision with the defendant's vehicle, filed a two-count complaint sounding in negligence against the defendants. The defendant driver filed a special defense alleging that if the plaintiffs were injured, the injuries were due to the negligent driving of the plaintiff driver. The plaintiff passenger filed a motion to strike this special defense "for failure to state a claim upon which relief can be granted against her, since she was a passenger and no acts of negligence were alleged against her." Id. In granting the plaintiff passenger's motion to strike the special defense, the court stated: "InCaciopoli v. Acampora, [supra,] 30 Conn. App. 327, the Appellate Court held that the alleged contributory negligence of a passenger was relevant in considering whether to bar his recovery where certain acts of negligence on the passenger's part were alleged." Id. "In the present action, no acts of negligence are alleged against the passenger . . . and as to her the motion to strike is granted." Id.
Paproski v. Bennett, Superior Court, judicial district of Danbury, Docket No. 302173 (July 9, 1992, Fuller, J.) (7 Conn.L.Rptr. 45), is another case directly on point to the present case. There, the plaintiff was a passenger in a car operated by her husband, the co-plaintiff, which collided with the defendant's automobile. The plaintiffs brought a complaint against the defendant. The first count was a claim by the CT Page 259 plaintiff passenger sounding in negligence. The defendant filed a special defense of comparative negligence. The plaintiffs filed a motion to strike the special defense of comparative negligence "on the ground that it is not a valid defense to a negligence claim by a passenger. . . ." Id., 46. "The defendant contends that . . . the Connecticut Practice Book requires him to plead contributory negligence if it is relied upon as a defense. As discussed below, it does not have to be pleaded as a special defense in order for a defendant to reduce his proportionate share of damages to the plaintiff at trial under [§] 52-572h." Id. "The initial question is whether contributory negligence can be a special defense to . . . [the plaintiff passenger's] complaint. . . . `The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it,' Silverman v. Silverman, [supra,]145 Conn. 663, 668, at least in the absence of any evidence that the passenger had anything to do with the operation of the car or controlled the conduct of the operator. The special defenses refer only to the conduct of [the plaintiff driver], and make no claims as to the conduct of the named plaintiff as a passenger. Accordingly, contributory negligence is not a special defense to the [plaintiff passenger's complaint]." Paproski v. Bennett, 7 Conn.L.Rptr. 46.
In the present case, the defendant merely alleges negligent conduct on the part of Edward Lackard, the plaintiff driver, in her second special defense. No negligence on the part of Lisa Lackard, the plaintiff passenger, was alleged. Accordingly, the second special defense is legally insufficient.
In considering the defendant's options as to apportionment, thePaproski v. Bennett, supra, 7 Conn.L.Rptr. 45, court continued: "Since the claim arises out of an automobile accident on June 26, 1988, it is governed by [§] 52-572h as amended by Public Act 87-227, Sec. 3 (Tort Reform II). The statute allows the defendant to have the negligence of all parties considered in determining the extent of liability of the defendant to the plaintiffs. Section 52-572h (c) provides in part that each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the `recoverable' damages. The trier is required to determine `the percentage of negligence that proximately caused the injury . . . in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury . . .' [General Statutes § 52-572h (f) (4).] Since [the plaintiff driver] is already a party in this action it is not necessary to implead him as a defendant in order to determine the degree of negligence attributable to him. The trier is required to give suitable instructions to the jury under subsections (e) and (f) of the statute. There is no provision requiring as a prerequisite for such instructions that a claim of comparative negligence be made in a special CT Page 260 defense. Under the facts of this case with the existing parties, the trier can determine the percentages of negligence of both the defendant and [the plaintiff driver]. The named plaintiff as a passenger would recover . . . the percentage of her damages proximately caused by the negligence of the defendant, which would be the total damages less the percentage attributable to the negligence of her husband." Paproski v.Bennett, supra, 7 Conn.L.Rptr. 46. In the present case, Edward Lackard is already a party and the jury must consider his negligence per §52-572h.
General Statutes § 52-572h (c) provides in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . ." Algea v. Barnett, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn.L.Rptr. 100), is a case where the court granted the plaintiff's motion to strike the defendant's apportionment counterclaim because the proposed apportionment defendant was already a party to the action. The court also noted: "The defendant, however, is not left without a remedy. `Since General Statutes [§]52-572h (c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of damages, and because [the plaintiff driver] is a party, his percentage of negligence will be considered by the jury.' . . . Moreover, a defendant need only plead a special defense of contributory negligence to ensure that the issue of a plaintiff's contributory negligence is before the jury." (Citation omitted.) Id., 101; see also Gerarde v. Anastasiou, Superior Court, judicial district of New London at New London, Docket No. 546471 (June 30, 1999, Mihalakos, J.) (24 Conn.L.Rptr. 692, 693).
In the present case, Edward Lackard, the plaintiff driver, is a party to the action brought by Lisa Lackard, the plaintiff passenger, against the defendant. Therefore, the defendant correctly argues that an apportionment claim cannot be brought against Edward Lackard. Here, in an effort to ensure the jury considers Edward Lackard's negligence in determining the damages awarded to Lisa Lackard, the defendant asserted a special defense against Lisa Lackard. The defendant, however, did not allege any negligence on the part of Lisa Lackard. Accordingly, the defendant's second special defense should be stricken as it is legally insufficient. Further, as stated above, the defendant is not without remedy as the provisions of § 52-572h (c) ensure the jury will consider Edward Lackard's negligence. CT Page 261
The Motion to Strike the defendant's Second Special Defense is granted.
Rittenband, JTR