[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
The plaintiff Elvir has moved to set aside a jury verdict rendered and accepted on January 9, 2002. In this personal injury case involving a collision between Elvir's motor vehicle and the defendant Honafius' vehicle on East Avenue in Norwalk at the intersection with the entrance ramp for northbound I-95 traffic, the jury rendered a verdict for the plaintiff, found that the plaintiff's negligence, comprised thirty-five percent of all the negligence in the case and rendered a reduced damage award to the plaintiff accordingly.
The basis for plaintiff's motion is that the evidence did not support the finding that she was thirty-five percent negligent. The plaintiff did not object to the court's instruction on comparative negligence conceding that issue was properly before the jury.
In reviewing a motion to set aside a verdict the trial court should view the trial evidence in the light most favorable to sustaining the verdict. Gaudjo v. Griffin Health Services, 249 Conn. 523 (1999). Given that there was sufficient evidence to submit the comparative negligence issue to the jury, this court believes that the determination of the actual percentage of negligence ascribed to a party is quintessentially a jury function which should not be usurped absent any manifestly unjust circumstances or misunderstanding. See e.g. Labatt v. Grunewald,182 Conn. 236 (1980); Caciopoli v. Acampora, 30 Conn. App. 327 (1993). There were no such circumstances in this case, and the jury's determination of the percentage of comparative negligence was well within the bounds of reasonableness.
The motion to set aside is denied. CT Page 1572
ADAMS, J.