EVELYN COSBY TOLBERT ET AL. *v.* CONNECTICUT
GENERAL LIFE INSURANCE COMPANY ET AL.
(AC 18557)

Landau, Schaller and Zarella, Js.

---

Argued March 27—officially released July 11, 2000

*Stephen P. Bertucio*, for the appellant (named plaintiff).

*Craig S. Taschner*, for the appellees (defendant Fleet National Bank).

### Opinion

LANDAU, J. This is an appeal by the named plaintiff, Evelyn Cosby Tolbert,[1] from the judgment rendered by the trial court in favor of the defendant Fleet National Bank (Fleet)[2] following the granting of Fleet's motion to set aside the jury's verdict on count six of the substitute complaint. The plaintiff claims that the court improperly concluded that her claim against Fleet is barred

---

[1] The other plaintiffs in the trial court were Evelyn Tolbert's sons, Ivan Tolbert and Volos Tolbert, who stepped forward to help their mother when her home was being foreclosed. Because count six of the substitute complaint alleges breach of a contract to which Tolbert's sons were not a party, they are not parties to this appeal. We refer in this opinion to Evelyn Tolbert as the plaintiff.

[2] The named defendant, Connecticut General Life Insurance Company, is not a party to this appeal. The jury found in favor of the plaintiffs on their negligence claim against Connecticut General Life Insurance Company; the parties settled their dispute.

by General Statutes § 52-576, the applicable statute of limitations. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our analysis of the plaintiff's claim. In September, 1975, the plaintiff and her then husband secured a mortgage from Fleet's predecessor in interest, Hartford Federal Savings and Loan Association (Hartford Federal).[3] In conjunction with the mortgage, the plaintiff and Hartford Federal entered into an agreement whereby Hartford Federal was to procure mortgage disability insurance (disability policy) for the plaintiff. Hartford Federal secured a disability policy with the defendant Connecticut General Life Insurance Company (Connecticut General) effective October 6, 1975.[4] In 1979, when the plaintiff became totally physically disabled, Connecticut General began paying disability benefits on the plaintiff's behalf in the form of monthly mortgage payments on the mortgaged property she owned on Rutland Street in Hartford.

In September, 1990, Connecticut General stopped paying disability benefits, and the plaintiff's mortgage account became delinquent. Northeast Savings, which had acquired Hartford Federal's interest in the mortgage; see footnote 3; commenced foreclosure proceed-

---

[3] Hartford Federal granted a mortgage to the plaintiff and her former husband. Hartford Federal's interest in the mortgage was subsequently transferred to Northeast Savings (Northeast) and eventually to Fleet. Northeast was the lender that initiated foreclosure proceedings against the plaintiff.

[4] The plaintiff placed in evidence a certificate of insurance issued by Connecticut General stating in part: "Connecticut General . . . CERTIFIES that the Mortgagor named below, being indebted to Hartford Federal . . . as evidenced by the obligation referred to below, has become insured with respect to such indebtedness under GROUP PROTECTED MORTGAGE DISABILITY INSURANCE POLICY NO. 31934-02 . . . issued to TRUSTEE OF THE SAVINGS AND LOAN LEAGUE OF CONNECTICUT MORTGAGE INSURANCE TRUST FUND . . . EFFECTIVE DATE: Oct. 6, 75 . . . MORTGAGOR Evelyn E. Tolbert . . . . TERMINATION OF INSURANCE The insurance on a Mortgagor will terminate on the earliest date specified below . . . 4. The date the Mortgagor attains age sixty-six. . . ."

ings against the plaintiff. Because her disability benefits were not reinstated in a timely manner and because she was facing foreclosure proceedings, the plaintiff sold the premises at a price well below the appraised value.

The plaintiff commenced this action against Connecticut General in 1994. More than eighteen months later, the court granted the plaintiff's motion to cite in Fleet as a party defendant. The plaintiff filed a substitute complaint in which she alleged, in count six, that she and Fleet's predecessor in interest, Hartford Federal, "had a contract pursuant to which Hartford Federal was to *procure* a mortgage disability policy"; that "Hartford Federal . . . was to *procure* insurance which was adequate to protect the plaintiff"; that "Hartford Federal . . . breached its contract with the plaintiff . . . in that it failed to procure insurance which was adequate to protect the plaintiff"; and that as a result of "Hartford Federal's negligent failure to *procure* adequate insurance, the plaintiff . . . has incurred damages . . . ." (Emphasis added.) In its answer, Fleet essentially denied the allegations of the substitute complaint and interposed, in its first special defense, an allegation that the action was barred by the provisions of § 52-576,[5] the applicable statute of limitations.

After the jury returned a verdict against Fleet on count six, Fleet moved to have the verdict set aside. After the parties briefed and argued the issue, the court granted Fleet's motion, ruling that the six year statute of limitations commenced running in September, 1975, when the parties entered into the contract rather than, as argued by the plaintiff, September, 1990, when the

[5] General Statutes § 52-576 (a) provides: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."

disability benefits were terminated. This appeal followed.

"The trial court may set aside a jury verdict that the court finds to be against the law or the evidence. *American National Fire Ins. Co.* v. *Schuss*, 221 Conn. 768, 774, 607 A.2d 418 (1992); *Palomba* v. *Gray*, 208 Conn. 21, 23–24, 543 A.2d 1331 (1988); *Cohen* v. *Hamden*, 27 Conn. App. 487, 491, 607 A.2d 452 (1992). A trial court's ruling to set aside the verdict will not be overturned on appeal unless the trial court abused its discretion. *American National Fire Ins. Co.* v. *Schuss*, supra, 774–75; *Jeffries* v. *Johnson*, 27 Conn. App. 471, 475, 607 A.2d 443 (1992). Every reasonable presumption should be indulged in favor of the correctness of the trial court's decision to set aside the verdict because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced. *Cohen* v. *Hamden*, supra [491]; *Jeffries* v. *Johnson*, supra, 475–76; *Donahue* v. *State*, 27 Conn. App. 135, 140, 604 A.2d 1331 (1992)." *Caciopoli* v. *Acampora*, 30 Conn. App. 327, 330–31, 620 A.2d 191 (1993).

Ordinarily, litigants have a constitutional right to have factual issues resolved by the jury. *Berry* v. *Loiseau*, 223 Conn. 786, 807, 614 A.2d 414 (1992); *Donahue* v. *State*, supra, 27 Conn. App. 140. In ruling on the motion to set aside the verdict in this case, however, the court was required to make a legal rather than factual determination. On appeal, we must consider whether the trial court properly determined that, as a matter of law, Fleet's special defense of the statute of limitations bars the plaintiff's recovery. An action based in contract must be brought within six years. General Statutes § 52-576; *McNeil* v. *Riccio*, 45 Conn. App. 466, 472–73, 696 A.2d 1050 (1997).

It is important to note at the outset of our analysis that the factual underpinnings of this appeal differ greatly from the facts that were pleaded and proved at

trial. The plaintiff's appeal, and the legal theory on which it is based, is dependent on a set of facts that were not pleaded in the substitute complaint or proven at trial. The plaintiff's appeal is entirely dependent on a claim raised for the first time in her objection to the motion to set aside and in this appeal. Specifically, instead of the claim for breach of contract to *procure a policy* of insurance as pleaded in paragraphs nine through twelve of count six, the plaintiff's theory on appeal is that the contract involved an obligation to procure *policies* of insurance, a duty that the plaintiff claims continued from 1975 through 1990. The complaint does not allege any continuing duty to procure future policies of insurance on the part of Hartford Federal or its successors in interest.

As the court implied in its memorandum of decision on the motion to set aside the verdict, the plaintiff's objection to the motion is not founded in the same legal theory as the one she pleaded in count six.[6] Count six of the substitute complaint alleges that Hartford Federal breached its duty to *procure a policy* of insurance.[7] The basis of the plaintiff's objection to Fleet's motion to set aside the verdict and her claim on appeal is that Hartford Federal assumed *a continuing duty* to procure insurance for her, which is not the legal theory on which count six of the substitute complaint is based. Fleet contends, and we agree, that the plaintiff's appeal is dependent on a set of facts that were not pleaded in the substitute complaint or proved at trial.

---

[6] The court wrote in the memorandum of decision: "The operative allegation in count six of the substitute complaint of February, 1998, was that Hartford Federal has agreed to *procure* a disability policy for [the plaintiff], which was adequate to protect her and make mortgage payments in the event she was to become disabled." (Emphasis in original.)

[7] Nor does the plaintiff allege that Fleet, or its predecessor in interest, Hartford Federal, fraudulently concealed facts or information from the plaintiff that would toll the statute of limitations. *Goldwasser* v. *Smith Corona Corp.*, 817 F. Sup. 263, 270 (D. Conn. 1993).

"A plaintiff's right to recover has traditionally been based on the allegations made in his complaint." *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 359, 525 A.2d 57, following remand, 205 Conn. 479, 533 A.2d 1211 (1987). "Modern procedure has come a long way from the day when slight variances were fatal to a cause of action. This is reflected in our rule of practice as a code state that immaterial variances shall be wholly disregarded. Practice Book § 134 [now § 10-22]. It is said we have an established liberal practice in regard to immaterial deviations from the allegations of the complaint. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders*, 118 Conn. 610, 613, 174 A.169 [1934]. A variance in the factual aspect of a case which does not prejudice the opponent, and which does not change the theory of the cause of action, should not under ordinary circumstances be allowed to make voidable an otherwise sound judgment. See *Antonofsky* v. *Goldberg*, 144 Conn. 594, 599, 136 A.2d 338 [1957]; *Reciprocal Exchange* v. *Altherm, Inc.*, 142 Conn. 545, 551, 115 A.2d 460 [1955]; *Taylor* v. *Corkey*, 142 Conn. 150, 153, 111 A.2d 925 [1955]; *Klein* v. *DeRosa*, 137 Conn. 586, 591, 79 A.2d 773 [1951]; *Frosch* v. *Sears, Roebuck & Co.*, 124 Conn. 300, 303, 199 A. 646 [1938]. Of course, a variance which alters the basic nature of a complainant's cause of action cannot be condoned. In other words, [a] plaintiff may not allege one cause of action and recover upon another. *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 [1952]; *Levy* v. *Carter Rice & Co.*, 136 Conn. 216, 221, 70 A.2d 147 [1949]. . . . *Schaller* v. *Roadside Inn, Inc.*, 154 Conn. 61, 64–65, 221 A.2d 263 (1966)." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 62–63, 717 A.2d 77 (1998).

Here, the plaintiff pleaded in her substitute complaint that Fleet's predecessor in interest, Hartford Federal,

failed to *procure* insurance. The plaintiff herself placed in evidence a certificate of disability insurance issued by Connecticut General in 1975 and admits that Connecticut General provided disability benefits until 1990. These facts clearly contradict the plaintiff's claim that Hartford Federal breached its contractual obligation to *procure* a disability policy for her. In an attempt to overcome Fleet's motion to set aside the verdict, the plaintiff changed the basis of her breach of contract claim, arguing that Fleet had a *continuing duty* to provide her with disability insurance, which duty it breached. This *continuing duty* language has transformed the plaintiff's claim from the obligation to perform a distinct task to a continuing duty. Because the plaintiff alleged breach of contract to procure a disability policy, she cannot recover under a continuing duty theory on appeal. *Clean Corp.* v. *Foston,* 33 Conn. App. 197, 205, 634 A.2d 1200 (1993). Because the plaintiff's claim against Fleet is limited to that alleged in her complaint, i.e., that Hartford Federal failed to procure a disability policy, the trial court correctly determined that the six year statute of limitations began running in September, 1975, when the parties entered into the contract. Because the plaintiff did not commence this action until 1994, the court properly concluded that the plaintiff's action against Fleet was barred by the statute of limitations. The court, therefore, properly set aside the jury's verdict on count six of the substitute complaint.

The judgment is affirmed.

In this opinion the other judges concurred.