# EVELYN COSBY TOLBERT ET AL. *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL.
## (SC 16397)

Borden, Norcott, Katz, Vertefeuille and Fracasse, Js.

Argued May 22—officially released July 31, 2001

*Stephen P. Bertucio*, for the appellant (named plaintiff).

*Craig S. Taschner*, with whom was *Dale M. Clayton*, for the appellee (defendant Fleet National Bank).

*Opinion*

KATZ, J. The plaintiff, Evelyn Cosby Tolbert,[1] appeals, following our grant of certification to appeal, from the judgment of the Appellate Court affirming the judgment rendered by the trial court in favor of the defendant Fleet National Bank (Fleet).[2] The trial court's judgment followed the granting of Fleet's motion to set aside the jury's verdict on count six of the plaintiff's complaint. The Appellate Court affirmed the judgment of the trial court on the ground alleged by Fleet in its motion to set aside the jury's verdict, namely, that the plaintiff's claim against Fleet was barred by the six year statute of limitations set forth in General Statutes § 52-576.[3] We granted the plaintiff's petition for certification

---

[1] The other plaintiffs in the trial court were Evelyn Cosby Tolbert's sons, Ivan K. Tolbert and Volos Tolbert, who had attempted to help their mother financially when her home was being foreclosed. Because judgment was rendered in favor of the defendant Fleet National Bank on count six of the substitute complaint, which alleged breach of a contract to which Tolbert's sons were not parties, they were not parties to the appeal in the Appellate Court, nor are they parties to this appeal. In this opinion, we refer to Evelyn Cosby Tolbert as the plaintiff.

[2] The named defendant, Connecticut General Life Insurance Company, was not a party to the appeal in the Appellate Court nor is it a party to this appeal. The jury found in favor of the plaintiffs on their negligence claim against Connecticut General Life Insurance Company and the parties subsequently settled that dispute.

[3] General Statutes § 52-576 (a) provides: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."

to appeal limited to the following issue: "Did the Appellate Court properly affirm the trial court's ruling that the claim of the named plaintiff, Evelyn Cosby Tolbert, against the defendant Fleet National Bank was barred by General Statutes § 52-576?" *Tolbert* v. *Connecticut General Life Ins. Co.*, 254 Conn. 927, 761 A.2d 758 (2000). We affirm the judgment of the Appellate Court.

The following facts and procedural history as summarized by the Appellate Court are relevant to our resolution of this issue. "In September, 1975, the plaintiff and her then husband secured a mortgage from Fleet's predecessor in interest, Hartford Federal Savings and Loan Association (Hartford Federal).[4] In conjunction with the mortgage, the plaintiff and Hartford Federal entered into an agreement whereby Hartford Federal was to procure mortgage disability insurance (disability policy) for the plaintiff. Hartford Federal secured a disability policy with the defendant Connecticut General Life Insurance Company (Connecticut General) effective October 6, 1975.[5] In 1979, when the plaintiff became totally physically disabled, Connecticut General began

[4] "Hartford Federal granted a mortgage to the plaintiff and her former husband. Hartford Federal's interest in the mortgage was subsequently transferred to Northeast Savings (Northeast) and eventually to Fleet. Northeast was the lender that initiated foreclosure proceedings against the plaintiff." *Tolbert* v. *Connecticut General Life Ins. Co.*, 58 Conn. App. 694, 696 n.3, 755 A.2d 293 (2000).

[5] "The plaintiff placed in evidence a certificate of insurance issued by Connecticut General stating in part: 'Connecticut General . . . CERTIFIES that the Mortgagor named below, being indebted to Hartford Federal . . . as evidenced by the obligation referred to below, has become insured with respect to such indebtedness under GROUP PROTECTED MORTGAGE DISABILITY INSURANCE POLICY NO. 31934-02 . . . issued to TRUSTEE OF THE SAVINGS AND LOAN LEAGUE OF CONNECTICUT MORTGAGE INSURANCE TRUST FUND . . . EFFECTIVE DATE: Oct[ober] 6, [1975] . . . MORTGAGOR Evelyn E. Tolbert . . . . TERMINATION OF INSURANCE The insurance on a Mortgagor will terminate on the earliest date specified below . . . The date the Mortgagor attains age sixty-six. . . .' " *Tolbert* v. *Connecticut General Life Ins. Co.*, 58 Conn. App. 694, 696, 755 A.2d 293 (2000).

paying disability benefits on the plaintiff's behalf in the form of monthly mortgage payments on the mortgaged property she owned on Rutland Street in Hartford.

"In September, 1990, Connecticut General stopped paying disability benefits, and the plaintiff's mortgage account became delinquent. [Northeast Savings], which had acquired Hartford Federal's interest in the mortgage; see footnote [4 of this opinion]; commenced foreclosure proceedings against the plaintiff. Because her disability benefits were not reinstated in a timely manner and because she was facing foreclosure proceedings, the plaintiff sold the premises at a price well below the appraised value.

"The plaintiff commenced this action against Connecticut General in 1994. More than eighteen months later, the [trial] court granted the plaintiff's motion to cite in Fleet as a party defendant. The plaintiff filed a substitute complaint in which she alleged, in count six, that she and Fleet's predecessor in interest, Hartford Federal, had a contract pursuant to which Hartford Federal was to *procure* a mortgage disability policy; that Hartford Federal . . . was to *procure* insurance which was adequate to protect the plaintiff; that Hartford Federal . . . breached its contract with the plaintiff . . . in that it failed to procure insurance which was adequate to protect the plaintiff; and that as a result of Hartford Federal's negligent failure to *procure* adequate insurance, the plaintiff . . . has incurred damages . . . . In its answer, Fleet essentially denied the allegations of the substitute complaint and interposed, in its first special defense, an allegation that the action was barred by the provisions of § 52-576, the applicable statute of limitations. [See footnote 3 of this opinion.]

"After the jury returned a verdict against Fleet on count six, Fleet moved to have the verdict set aside

[again contending that the claim against it was barred by the statute of limitations, § 52-576].[6] After the parties briefed and argued the issue, the court granted Fleet's motion, ruling that the six year statute of limitations commenced running in September, 1975, when the parties entered into the contract rather than, as argued by the plaintiff, September, 1990, when the disability benefits were terminated." (Emphasis in original; internal quotation marks omitted.) *Tolbert* v. *Connecticut General Life Ins. Co.*, 58 Conn. App. 694, 696–98, 755 A.2d 293 (2000).

Thereafter, the plaintiff appealed from the judgment of the trial court to the Appellate Court. The Appellate Court affirmed the judgment of the trial court, concluding that the trial court properly had set aside the jury's verdict on count six of the substitute complaint. Id., 701. In reaching this conclusion, the Appellate Court "determined that the six year statute of limitations began running in September, 1975, when the parties entered into the contract. Because the plaintiff did not commence this action until 1994, the [trial] court properly concluded that [her] action against Fleet was barred by the statute of limitations." Id. In addition, the Appellate Court determined that the plaintiff's appeal, and the legal theory on which it was based, namely, that Fleet's predecessors in interest had assumed a continuing duty to procure *policies* of disability insurance, had not been pleaded in the plaintiff's substitute

---

[6] Fleet also made a number of additional arguments in support of its motion to set aside the jury's verdict. Specifically, Fleet contended that: (1) the plaintiff's claims were barred by the doctrine of res judicata because they could have been adjudicated in a prior foreclosure proceeding; (2) there was no evidence of the existence of a contract between Fleet and the plaintiff; (3) there was no evidence that Fleet bore liability for the actions of its alleged predecessor, Hartford Federal; and (4) Fleet was unfairly prejudiced by certain testimony of both the plaintiff and her son, Ivan K. Tolbert. The trial court did not make any determination in regard to these additional claims.

complaint, nor proven at trial. Id. Therefore, the Appellate Court concluded that she could not recover under a continuing duty theory on appeal. Id. This certified appeal followed.

On appeal, the plaintiff claims that the Appellate Court improperly affirmed the trial court's determination that her breach of contract claim against Fleet was barred by § 52-576, the applicable statute of limitations. Specifically, the plaintiff contends that, although she entered into a contract with Fleet's predecessor in interest, Hartford Federal, in September, 1975, because she was not aware that Hartford Federal had breached its contract with her until September, 1990, when her mortgage disability insurance benefits were wrongly terminated by Connecticut General, the statute of limitations did not begin to run until that time. The plaintiff further maintains that, even if her cause of action accrued in September, 1975, Hartford Federal, and Fleet, as its successor in interest, assumed a *continuing duty* to procure disability insurance for her, and, therefore, that the statute of limitations was tolled until September 1990, when her disability benefits were wrongly terminated. Accordingly, under either interpretation, the plaintiff maintains that her action against Fleet was timely.

Fleet, in contrast, claims that the statute of limitations in this case began to run when Hartford Federal entered into a contract with the plaintiff in September, 1975, contending further that, if Hartford Federal had, in fact, breached its contract with the plaintiff by failing to procure adequate disability insurance, that breach occurred in September, 1975. In addition, Fleet maintains that, because the plaintiff's continuing duty claim had neither been pleaded in her substitute complaint nor proven at trial, she cannot recover under that theory on appeal. Accordingly, Fleet claims that the plaintiff's

action is time barred under § 52-576.[7] We agree with Fleet.

Before turning to the merits of the plaintiff's claim, we first address the proper standard for this court's review. Generally, we review a decision of the trial court setting aside a verdict to determine whether the trial court properly exercised its discretion. *Wichers* v. *Hatch*, 252 Conn. 174, 181, 745 A.2d 789 (2000). When, however, as in the present case, "the trial court concludes, as a matter of law, that it is compelled to act in a particular fashion, plenary review is appropriate." Id., 181–82.

General Statutes § 52-576 (a) provides that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." The parties agree that Fleet was served with the plaintiff's substitute complaint in April, 1996. Therefore, the plaintiff's cause of action was time barred unless it "accrued" within the preceding six years, i.e., during or after April, 1990. See *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 150, 156, 464 A.2d 18 (1983).

The law concerning when a breach of contract action accrues is well settled. This court has stated that "[i]n an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." *Kennedy* v. *Johns-Manville Sales Corp.*, 135 Conn. 176, 180, 62 A.2d 771 (1948); *Beckenstein* v. *Potter & Carrier, Inc.*, supra, 191 Conn. 156. Although the application of this

---

[7] Fleet raises two additional claims as alternate grounds for affirming the judgment of the Appellate Court, namely, that: (1) the plaintiff's claim is barred by the doctrine of res judicata; and (2) the jury's verdict on count six of the plaintiff's substitute complaint was contrary to the law and the evidence. Because we conclude that the Appellate Court properly determined that the plaintiff's claim against Fleet was barred by the statute of limitations, we decline to address these claims.

rule may result in occasional hardship, "[i]t is well established that *ignorance of the fact that damage has been done does not prevent the running of the statute,* except where there is something tantamount to a fraudulent concealment of a cause of action." (Emphasis added.) *Kennedy* v. *Johns-Manville Sales Corp.,* supra, 179; *Beckenstein* v. *Potter & Carrier, Inc.,* supra, 156.[8]

In the present case, the procurement of inadequate insurance, which constituted the alleged breach of the contract, would have resulted in legal damage as soon as it occurred. Indeed, the injury allegedly caused by Hartford Federal had to have been inflicted at the time Hartford Federal procured a mortgage disability policy for the plaintiff in September, 1975, because that policy was either adequate or inadequate *at that time.*[9] See *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 557, 86 A. 26 (1913) ("where an insurance broker or agent is employed by a person to procure insurance for him, the broker or agent becomes his agent until the insurance is procured . . . but, after the insurance has been procured, he ceases to be the agent of the insured"); see *Lewis* v. *Michigan Millers Mutual Ins. Co.,* 154 Conn. 660, 664–65, 228 A.2d 803 (1967) (broker is agent for person for purpose of procuring insurance; once purpose accomplished, agency relationship terminates); accord *Gaylord Hospital* v. *Massaro,* 5 Conn. App. 465,

---

[8] The plaintiff has not alleged that Fleet, or its predecessor in interest, Hartford Federal, fraudulently concealed facts or information from her that would have tolled the statute of limitations.

[9] There is no dispute that Connecticut General stopped making payments in September, 1990. Indeed, that was the basis for the breach of contract action against Connecticut General, which since has been settled. See footnote 2 of this opinion. We note, however, that "[t]he plaintiff . . . placed in evidence a certificate of disability insurance issued by Connecticut General in 1975 and admitt[ed] that Connecticut General provided disability benefits until 1990." *Tolbert* v. *Connecticut General Life Ins. Co.,* supra, 58 Conn. App. 701. Those facts appear to contradict the plaintiff's claim that Hartford Federal breached its contractual obligation to procure an adequate disability policy for her.

468, 499 A.2d 1162 (1985) (drawing distinction between contracts for attainment of end result and contracts for performance of specific definable act). The fact that the plaintiff was not aware of any injury until 1990, while unfortunate, is of no import to the determination of when the alleged breach by Hartford Federal occurred.[10] As stated previously, "[i]t is well established that *ignorance of the fact that damage has been done does not prevent the running of the statute [of limitations]* . . . ." (Emphasis added.) *Kennedy* v. *Johns-Manville Sales Corp.*, supra, 135 Conn. 179; see id., 178–80 (fact that damage not manifest at time of breach did not prevent running of statute). Accordingly, we conclude that, if the contract was breached, it was breached in September, 1975, when the alleged procurement of inadequate insurance occurred.

The plaintiff claims, however, that Fleet, and its predecessors in interest, had assumed a *continuing duty* in this case to provide her with adequate insurance, which tolled the statute of limitations until September, 1990. We conclude that this claim must also fail because the plaintiff failed to allege a continuing duty in her complaint. See *Bartha* v. *Waterbury House Wrecking Co.*, 190 Conn. 8, 13, 459 A.2d 115 (1983).

---

[10] The plaintiff's reliance on this court's prior decisions in *Polizos* v. *Nationwide Mutual Ins. Co.*, 255 Conn. 601, 767 A.2d 1202 (2001), and *Coelho* v. *ITT Hartford*, 251 Conn. 106, 752 A.2d 1063 (1999), for the proposition that the statute of limitations did not begin to run in this case until September, 1990, when *she became aware* that the disability payments had stopped, is misplaced. *Polizos* and *Coelho*, respectively, were actions for uninsured and underinsured motorist benefits. A prerequisite to recovery under both causes of action is the denial of coverage under a tortfeasor's policy. *Polizos* v. *Nationwide Mutual Ins. Co.*, supra, 610–11. Accordingly, until a plaintiff is aware, or should have been aware, that the tortfeasor either has inadequate insurance, or no insurance at all, the plaintiff legally cannot recover from his or her own insurance company. Id., 611–12. In contrast, in the present case, the plaintiff could have asserted a viable claim against Fleet, or its predecessor, Hartford Federal, any time after September, 1975, when Hartford Federal had procured the disability policy for the plaintiff, whether the policy was adequate or inadequate.

The plaintiff alleged in count six of her substitute complaint that she and Fleet's predecessor in interest, Hartford Federal, had entered into a contract in September, 1975, pursuant to which "Hartford Federal was to *procure* a mortgage disability policy" that was adequate to protect her, and that Hartford Federal had breached its contract with her in that it failed to perform that task. (Emphasis added.) The complaint itself contains no allegation of fact giving rise to a continuing duty on the part of Fleet or Hartford Federal. See *Cheshire Brass Co.* v. *Wilson*, supra, 86 Conn. 557 (characterizing insurance agent's act of procuring insurance policy as distinct act). In addition, the plaintiff presented no facts to the trial court that reasonably would support an inference of a continuing duty on the part of Fleet.[11] Without any indication of a continuing duty properly presented to the trial court, the plaintiff cannot recover under that theory on appeal. *Bartha* v. *Waterbury House Wrecking Co.*, supra, 190 Conn. 13–14; see also *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 359, 525 A.2d 57 (" '[a] plaintiff may not allege one cause of action and recover upon another' "), following remand, 205 Conn. 479, 533 A.2d 1211 (1987).

We conclude that the Appellate Court properly determined that the six year statute of limitations began to run in September, 1975, when the parties had entered into the contract. Accordingly, because the plaintiff did not commence this action until 1994, the Appellate Court properly affirmed the judgment of the trial court,

---

[11] On appeal to the Appellate Court, the plaintiff changed her breach of contract claim, contending for the first time that Fleet had incurred a continuing duty to provide her with disability insurance, a duty that she maintains Fleet breached in 1990 when her payments were terminated. "This *continuing duty* language [effectively] . . . transformed the plaintiff's claim from the obligation to perform a distinct task to a continuing duty." (Emphasis in original.) *Tolbert* v. *Connecticut General Life Ins. Co.*, supra, 58 Conn. App. 701.

setting aside the jury's verdict for the plaintiff on count six of her substitute complaint.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.