SUSAN FLYNN *v.* JEFFREY W. KAUMEYER ET AL.
(AC 20817)

Lavery, C. J., and Mihalakos and Dupont, Js.

Argued September 12—officially released November 20, 2001

*Michael J. McCabe,* for the appellants (defendants).

*Heather M. Brown,* for the appellee (plaintiff).

*Opinion*

DUPONT, J. This is an appeal from the judgment rendered for the plaintiff in an action for breach of contract, which included an award of interest pursuant to General Statutes § 37-3a[1] as well as interest and statutory attorney's fees in the amount of $350 pursuant to General Statutes § 52-192a.[2] The judgment of the trial

---

[1] General Statutes § 37-3a provides in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."

[2] General Statutes § 52-192a (a) provides in relevant part: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. . . . "

court was rendered pursuant to a report from an attorney trial referee. The only issue on appeal concerns the amount of interest due to the plaintiff. The defendants' primary claim is that the plaintiff cannot recover interest on the judgment as provided in § 52-192a (b) because the plaintiff's offer of judgment was not a valid offer of judgment as contemplated by § 52-192a (a). The defendants also claim that § 37-3a interest should not have been awarded.

The following facts are relevant to the disposition of this appeal. The plaintiff commenced this action on July 7, 1998, alleging that she and the defendants, Jeffrey W. Kaumeyer and Janet Kaumeyer, had executed an agreement for the sale of real estate, contingent on the plaintiff obtaining a particular mortgage commitment. In the event that the plaintiff could not obtain a mortgage loan, the contract provided that the defendants were to return a deposit of $62,730, less $150. On August 2, 1999, following the plaintiff's offer of judgment dated June 7, 1999, and a trial on July 7, 1999, the attorney trial referee issued his report. He found that the plaintiff's mortgage loan application had been rejected, that she had notified the defendants and that despite a demand

General Statutes § 52-192a (b) provides in relevant part: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. . . ."

for the return of the deposit, the defendants refused to return it.

The attorney trial referee specifically found that the plaintiff had pursued her application for a mortgage loan with diligence and that as of April 28, 1998, the plaintiff was entitled to receive the sum of $62,580. The referee further found that the plaintiff was entitled to receive interest pursuant to § 37-3a at the rate of 10 percent per annum from the date that the plaintiff was entitled to the return of her deposit. As of the date of the referee's report, the deposit and interest equaled $70,054.80. Because the offer of judgment was $69,893.52, an amount less than the total sum due the plaintiff as a result of the referee's award, the referee determined that the plaintiff also should recover 12 percent interest and statutory attorney's fees in the amount of $350 as provided in § 52-192a (b). The court accepted the report and rendered judgment in the total amount of $87,005.76.[3] This appeal followed.

The defendants claim that the attorney trial referee did not find that the defendants "wrongfully" detained the plaintiff's deposit and, therefore, no § 37-3a interest should have been awarded to the plaintiff. Because this claim affects the amount of the judgment for the purposes of the calculation of the § 52-192a interest; See *Paulus* v. *LaSala*, 56 Conn. App. 139, 149–51, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000); we discuss this claim first.

The words used in § 37-3a are "detention of money after it becomes payable." The word "wrongfully" is not used in the statute. Although the statute does not describe the detention as wrongful, our case law requires a determination that the party against whom

---

[3] The damages for the breach were $62,580, the interest pursuant to § 37-3a equaled $10,794.98, the interest pursuant to § 52-192a (b) was $13,280.78 and the attorney's fees were $350.

the interest is to be awarded "has wrongfully detained money due the other party . . . ." (Internal quotation marks omitted.) *State* v. *Lex Associates*, 248 Conn. 612, 628, 730 A.2d 38 (1999). If the money due is not money to which the plaintiff is entitled, it is not wrongfully detained. Id., 629. If, however, it is determined that a defendant has breached a contract, the detention of money that became due as a result of the breach, plus interest thereon, may be awarded at the discretion of the trier of fact. *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 321, 541 A.2d 858 (1988).

The attorney trial referee found that the plaintiff was entitled to the money as of April 28, 1998, and that the defendants refused to return it. The referee found that the plaintiff had complied with the terms and conditions of the mortgage commitment contingency, the plaintiff pursued her application for a loan diligently, the plaintiff was unable to obtain a mortgage commitment, the plaintiff notified the defendants of her inability and submitted documents sufficient to prove the same, the plaintiff was entitled to recover her down payment and that the defendants had refused to return it. Clearly, the referee's findings of fact are tantamount to a conclusion that the defendants wrongfully detained the plaintiff's money after it was payable.

In their brief, the defendants make the blanket statement that the discretionary interest awarded pursuant to § 37-3a should not have been added to the amount of the damages to determine whether the plaintiff was entitled to recover the offer of judgment interest as provided by § 52-192a (b). No argument or citation bolsters the defendants' argument, and the defendants give no reason or rationale for the statement.[4]

---

[4] Ordinarily, an issue that is raised for which there is no substantive discussion or citation of authority is deemed abandoned. *In re Antonio M.*, 56 Conn. App. 534, 545, 744 A.2d 915 (2000). Here, however, the claim affects whether the mandatory statutory interest provided in § 52-192a offers of judgment should have been awarded, and we therefore discuss it.

The defendants acknowledge that the award of prejudgment interest is discretionary. See *State* v. *Lex Associates*, supra, 248 Conn. 628; *West Haven Sound Development Corp.* v. *West Haven*, supra, 207 Conn. 321; *Paulus* v. *LaSala*, supra, 56 Conn. App. 147. We also note that it is well settled that such interest is an element of damages. *Nor'Easter Group, Inc.* v. *Colossale Concrete, Inc.*, 207 Conn. 468, 482, 542 A.2d 692 (1988). An offer of judgment is an offer to settle the case completely, including all compensatory damages. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 307, 472 A.2d 316 (1984). Prejudgment interest for money detained after it becomes due is compensatory because it compensates or reimburses plaintiffs for the interest they could have earned on the money that was rightfully theirs, but that was not paid when it became due. See *Paulus* v. *LaSala*, supra, 151.

The dicta in *Gillis* v. *Gillis*, 21 Conn. App. 549, 554–55, 575 A.2d 230, cert. denied, 215 Conn. 815, 576 A.2d 544 (1990), indicates that the total of money damages, including § 37-3a interest, recovered by a plaintiff is the appropriate amount to be considered when determining whether the amount of the plaintiff's recovery equals or is greater than the sum certain stated in the plaintiff's offer of judgment. See also *Paulus* v. *LaSala*, supra, 56 Conn. App. 143 n.5.

An award of § 37-3a interest is discretionary, and a trial court need not award any interest if it concludes that such interest is inequitable in view of the mandatory award of § 52-192a interest. *Loomis Institute* v. *Windsor*, 234 Conn. 169, 181–82, 661 A.2d 1001 (1995); *Munroe* v. *Emhart Corp.*, 46 Conn. App. 37, 45, 699 A.2d 213, cert. denied, 243 Conn. 926, 701 A.2d 658 (1997). Frequently, however, prejudgment interest as provided in § 37-3a and the statutory interest provided by § 52-192a have both been awarded. See, e.g., *Black* v. *Goodwin, Loomis & Britton, Inc.*, 239 Conn. 144,

164–66, 681 A.2d 293 (1996); *Aubin* v. *Miller*, 64 Conn. App. 781, 797–99, 781 A.2d 396 (2001); *Paulus* v. *LaSala*, supra, 56 Conn. App. 139; *Gillis* v. *Gillis*, supra, 21 Conn. App. 554–55. The court in this case made no determination that the award of both types of interest would make the award of § 37-3a interest inequitable.

Prejudgment interest may be awarded at the discretion of the trier of fact as an element of liquidated damages in breach of contract cases. *Nor'Easter Group, Inc.* v. *Colossale Concrete, Inc.*, supra, 207 Conn. 482–83; *Foley* v. *Huntington Co.*, 42 Conn. App. 712, 738–40, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). We hold that such interest should be included when determining whether the plaintiff recovered an amount equal to or greater than the sum stated in the plaintiff's offer of judgment except in the event that the trier finds special circumstances of inequity. The amount recovered by the plaintiff here included the 10 percent interest of § 37-3a, and that amount exceeded the offer of judgment made by the plaintiff, thereby triggering the imposition of the additional interest provided by § 52-192a.

The defendants argue that the amount of the offer of judgment must be a fair and reasonable compromise of litigation without a trial or it is void. In this case, the plaintiff's offer of judgment was filed one month prior to trial, and the offer of judgment included § 37-3a interest. The defendants claim that the offer was unreasonable because it exceeded the amount of the damages sought for the contractual breach and because, at the time it was made, the attorney trial referee had not yet found the amount of damages due and had not yet awarded § 37-3a interest. As an unreasonable offer, the defendants claim that § 52-192a interest cannot be due.

Our first observation is that at the time an offer of judgment is made, it is always true, short of clairvoyant

counsel, that the amount of damages is not yet known. Nothing in the language of § 52-192a (a) or (b) indicates that the offer of judgment must not include § 37-3a interest. Furthermore, our case law provides that such interest is an element of damages.

The purpose of § 52-192a is to encourage pretrial resolution of disputes by allowing a plaintiff to make an offer and allowing a defendant to accept a reasonable offer of settlement to save the time and expense of trial. *Kusha* v. *Respondowski*, 3 Conn. App. 570, 573–74, 490 A.2d 1014 (1985). Our Supreme Court has stated that "[i]n construing § 52-192a, we first note that its purpose is to encourage pretrial settlements and, consequently, to conserve judicial resources. . . . [T]he strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment. . . . Section 52-192a encourages fair and reasonable compromise between litigants by penalizing a party that fails to accept a reasonable offer of settlement. . . . In other words, interest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Citations omitted; internal quotation marks omitted.) *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 742, 687 A.2d 506 (1997). Although an offer of settlement is described as "reasonable" in the foregoing quotation from *EI Constructors, Inc.*, the determination of the reasonableness of an offer is solely left to a defendant to determine. It is the defendant who must decide if the amount is reasonable in view of the probable liability and the size of the probable dollar recovery after a trial.

"An offer of judgment is an offer to settle the entire case, including claims both known and unknown, and both certain and uncertain." *Lutynski* v. *B.B. & J.*

*Trucking, Inc.*, 31 Conn. App. 806, 813, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994). In addition to money saved by avoiding litigation expenses, a defendant might also save the discretionary interest of § 37-3a. A defendant must assess the degree of possibility that interest may be awarded in the event that the trier determines that money has been detained by a defendant after it became due. The defendants here risked that a judgment would not include § 37-3a interest. The vagaries of the components of settlement include a possibility that § 37-3a interest will be awarded in some cases. In the present case, the possibility became reality.

The judgment is affirmed.

In this opinion the other judges concurred.