[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
 FACTS
On December 20, 1994, the plaintiffs commenced the present collection action against the defendants. The plaintiffs allege that in a promissory note dated January 19, 1988, the defendants, Debrizzi Associates, Rosario N. Debrizzi and Michael J. Creed promised to pay the plaintiffs, Angelo C. Memoli, Gene A. Memoli and Anthony J. Memoli, the principal sum of $250,000 plus interest thereon as provided in the note. The plaintiffs claim that as of November, 1989, the defendants defaulted on their obligation under the note and the plaintiffs exercised their option to declare the entire outstanding balance of principal and interest due and payable. The plaintiffs also seek costs and attorney's fees. The plaintiffs subsequently withdrew their complaint against Creed and Debrizzi Associates on July 16, 2001, and August 22, 2001, respectively. Therefore, Rosario N. Debrizzi is the only remaining defendant.
On July 21, 1997, the defendant filed an answer,[1] that contained a general denial and two special defenses. In the first special defense, the defendant alleges that the plaintiffs failed to timely and/or properly serve him. In the second special defense, the defendant alleges that the plaintiffs failed to open a judgment of dismissal that was entered against the plaintiffs for failure to prosecute on December 8, 1995, within the statutorily proscribed time limit.
On September 26, 2001, the plaintiffs filed a motion for summary CT Page 1739 judgment on their complaint and on the defendant's two special defenses. The defendant has not filed an objection, memorandum or any evidence in opposition to the plaintiffs' motion.[2]
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty SuretyCo., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact.Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52.
"[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."(Internal quotation marks omitted.) Appleton v. Board ofEducation, supra, 254 Conn. 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46 . . . which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." (Internal quotation marks omitted.) Hryniewicz v.Wilson, 51 Conn. App. 440, 444, 722 A.2d 288 (1999).
The plaintiffs argue that this court should grant summary judgment on their complaint because there is no issue as to the material fact that the defendant owes them the principal sum of $250,000 and that the defendant is in default on his obligation to pay the plaintiffs. "Under appropriate circumstances, a defendant's admission of liability can serve as a valid basis for the entry of summary judgment, even where the CT Page 1740 defendant contests the claimed nature or extent of damages. Such court action is appropriate where a defendant clearly and explicitly admits liability, or where the nature and existence of such liability is established, without question, by the pleadings and documents submitted in support of the summary judgment motion. . . . Additionally, summary judgment is particularly appropriate in a case where an examination of the affidavit and exhibits accompanying a plaintiff's motion discloses the unchallenged existence of unpaid debts." (Citations omitted; internal quotation marks omitted.) Milford Hospital v. Champeau, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 069269 (April 27, 2001, Grogins, J.).
The plaintiffs filed an affidavit of debt and a copy of the note with their motion for summary judgment. The note shows that on January 19, 1988, the defendant promised to pay the plaintiffs in the principal amount of $250,000 with interest as provided in the note. The note also provides that in the event of the defendant's default, the plaintiffs reserved the option to call the remaining outstanding principal amount of the debt, and if the plaintiffs institute suit to foreclose the mortgage securing the note, that the defendant agrees to pay "all court fees and costs as well as reasonable attorney's fees." In the affidavit of debt, Angelo C. Memoli attests that he loaned $250,000 to the defendant as evidenced by the note, and that on December 1, 1989, the defendant defaulted on the note.
"The possession by the bearer of a note indorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note establishes his case prima facie against the makers and he may rest there. . . . It was for the defendant to set up and prove the facts which limit or change the plaintiff's rights." SKW Real Estate Ltd. Partnership v. Gallicchio,49 Conn. App. 563, 571, 716 A.2d 903 (1998), quoting Garris v.Calechman, 118 Conn. 112, 115, 170 A. 789 (1934).
In his answer, the defendant states that he has insufficient knowledge and leaves the plaintiffs to their proof as to whether he was the maker of a note in which he promised to pay the plaintiffs the principal sum of $250,000 with interest therein provided. In addition, the defendant does not deny that he was the maker of the note and that the debt being sued upon in the present case is now due and owing. The defendant has not presented any affidavits or evidence that contradict the plaintiffs' allegations. Therefore, it is undisputed in this case that the defendant borrowed $250,000 from the plaintiffs and defaulted on his promise to repay them. "Because the plaintiff moved for summary judgment on [his complaint] and there [are] no contradictory affidavits, the court CT Page 1741 properly [may decide] the motion by looking only to the sufficiency of the [plaintiffs'] affidavits and other proof." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania., 231 Conn. 756, 795, 653 A.2d 122 (1995). Absent countervailing evidence that the debt is now due and owing from the defendant, the court must grant the plaintiffs' motion for summary judgment unless either or both of the defendant's special defenses are valid.
The plaintiffs argue that they are entitled to summary judgment on the defendant's special defense of the statute of limitations, because this special defense is premised on the defendant's contention of improper service, and the defendant waived this defense by not filing a timely motion to dismiss for lack of personal jurisdiction. It is difficult to determine whether the defendant's first special of defense is premised on improper service of process or failure to comply with the applicable statute of limitations. Accordingly, both issues are addressed.
To the extent that the defendant asserts that the court lacks jurisdiction over him because the plaintiffs failed to properly serve him, he raises the issue of personal jurisdiction. Lack of personal jurisdiction must be asserted by a motion to dismiss filed within thirty days of the date the defendant files an appearance. Practice Book §10-30.[3] Unlike an assertion that the court lacks subject matter jurisdiction, which cannot be waived by a party, a claim that the court lacks personal jurisdiction is waived if a party does not timely file a motion to dismiss to contest the court's exercise of personal jurisdiction.[4] Pitchell v. Hartford, 247 Conn. 422, 428, 722 A.2d 797
(1999); see also Practice Book § 10-32.[5] The defendant filed his appearance on June 10, 1996, but did not file his motion to dismiss until November 21, 1996, well after the thirty day time limit set by Practice Book § 10-30. The defendant, therefore, waived his right to contest this court's personal jurisdiction over him by failing to timely file a motion to dismiss.[6]
To the extent that the defendant contends that the plaintiffs failed to commence this action within the appropriate statute of limitations, he raises the issue of subject matter jurisdiction. "The requirements of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." Dowling v. Slotnik, 244 Conn. 781,788, 712 A.2d 396 (1998); see also Practice Book § 10-33.[7] The plaintiff contend that their action was timely under the statutes of limitations of General Statutes §§ 52-576 (a) and 42a-3-118.
"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies." (Internal quotation marks omitted.) New Haven Savings Bank v. LaPlace, 66 Conn. App. 113, ___ CT Page 1742 A.2d ___ (2001). Section 52-576
(a) states: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section." The Connecticut Supreme Court "has stated that `[i]n an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted.'" Tolbert v. ConnecticutGeneral Life Ins. Co., 257 Conn. 118, 124, 778 A.2d 1 (2001).
General Statutes § 42a-3-118 (a) states in relevant part: "[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Under § 42a-3-118 (a) specifically states that a cause of action for the breach of a promissory note must be commenced within six years after the date the note is due in full or on the date the defendant suspended payments. Garafalo v.Squillante, 60 Conn. App. 687, ___ A.2d ___ (2000), cert. denied,255 Conn. 924, ___ A.2d ___ (2001).
The note states that the note was due in full on January 19, 1989. In the complaint the plaintiffs allege that the defendant defaulted on his obligation to pay the November 1989 installment payment. In his affidavit, Angelo C. Memoli attests that the defendant defaulted on the note on December 1, 1989. Using the earliest date, the plaintiffs' cause of action is timely under either statute of limitations if it was commenced by January 19, 1995.[8] "In Connecticut, an action is commenced on the date of service of the writ upon the defendant. . . ."Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). "The sheriff's return is prima facie evidence of the preceding facts." Jenkinsv. Bishop Apartments, Inc., 144 Conn. 389, 390, 132 A.2d 573 (1957). "It may be contradicted, however, by facts shown to be otherwise." Cugno v.Kaelin, 138 Conn. 341, 343, 132 A.2d 573 (1951); see also Plonski v.Halloran, 36 Conn. Sup. 335, 336, 420 A.2d 117 (1980).
The sheriff's return attached to the plaintiffs' complaint avers that on December 20, 1994, service was made on the defendant at his usual place of abode "43 Meadow Brook Drive, Monroe, CT," by leaving a true and attested copy of the writ summons and complaint. Although the defendant alleges in his answer that he was not properly served, he does not submit evidence of this allegation. Therefore the evidence before the court establishes that service was made on the defendant well within the six year limitation period of §§ 52-576 (a) and 42a-118. The plaintiffs' motion for summary judgment as to the defendant's first special defense is granted. CT Page 1743
In the second special defense, the defendant asserts that the plaintiffs failed to timely file a motion to open a judgment of dismissal that the court entered against the plaintiffs for failure to prosecute. The plaintiffs argue that they are entitled to summary judgment on this special defense because the plaintiffs opened the judgment within the 120 day time period required by Practice Book § 17-4(a).
Practice Book § 17-4(a) provides in relevant part: "any civil judgment or decree entered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ." In this case, the court entered a judgment of dismissal on December 8, 1995. Although the plaintiffs do not provide evidence of the date on which the court sent them notice of the dismissal, they filed their motion to open on March 13, 1996. Therefore, if the court sent them notice of the dismissal on December 8, 1995, it was filed ninety six days later, well within the 120 day time limit set by Practice Book § 17-4(a). The plaintiffs' motion for summary judgment on the defendant's second special defense is granted.
 CONCLUSION
There is no dispute as to a material fact that the defendant owes $250,000 to the plaintiffs. The plaintiffs' motion for grant summary judgment on both of the defendant's special defenses is granted.
GALLAGHER, J.