KATHERINE LENARES *v.* MICHAEL MIANO
(AC 22503)

Lavery, C. J., and Foti and Dupont, Js.

Submitted on briefs October 31—officially released December 24, 2002

*Benjamin T. Staskiewicz* filed a brief for the appellant (plaintiff).

*Sebastian S. Ciarcia* filed a brief for the appellee (defendant).

*Opinion*

DUPONT, J. The plaintiff, Katherine Lenares, appeals from the judgment of the trial court rendered in favor of the defendant, Michael Miano. On appeal, the plaintiff claims that the court improperly (1) modified the attorney trial referee's (referee) findings of fact by concluding that the plaintiff's loan to the defendant was in the nature of a demand note, (2) concluded that the six year statute of limitations had expired and (3) denied the plaintiff's motion to reargue. We agree with the plaintiff and reverse the judgment of the trial court.[1]

The plaintiff commenced this action on October 23, 2000, alleging that the defendant had breached an oral loan agreement in the amount of $8000 by his refusal to repay the loan. In response, the defendant asserted the special defenses of laches and the statute of limitations.

A trial was held before the referee, who found that on December 23, 1993, the plaintiff had a bank check in the amount of $8000 made payable to the defendant, with a notation thereon stating, "[l]oan from Katherine

---

[1] Because the plaintiff's first two claims are dispositive, we need not address the plaintiff's third claim.

Lenares." The referee also found that the loan agreement was an oral loan, that the defendant had cashed the check and that the loan was payable on demand by the plaintiff "when she needed the money."

The referee concluded that the applicable statute of limitations is that set forth in General Statutes § 52-576, which allows for an action on a simple or implied contract to be brought within six years after the right of action accrues.[2] The referee concluded that the statute of limitations began to run at the time that demand for payment was made in July, 1997. On the basis of that conclusion, the referee found that the statute of limitations had not expired, and that the defendant was liable for repayment of the $8000 loan and for interest on that amount pursuant to General Statutes § 37-3a on that amount, from the date of the plaintiff's demand for payment, as well as statutory interest on her offer of judgment pursuant to General Statutes § 52-192a.[3] The referee's report concluded that judgment should enter for the plaintiff in the amount of $11,189.

The defendant subsequently filed an objection to the referee's findings of fact and conclusions of law. Specifically, the defendant challenged the conclusion as to the time that the applicable statute of limitations began to run. The court sustained the objection, stating that the referee "erred in his conclusion of law. This was a fully executed demand note, and the six year statute

---

[2] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[3] General Statutes § 52-192a (b) provides in relevant part: "If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. . . ."

of limitations had expired." The court thus concluded that the statute of limitations began to run at the time that the loan was made, rather than at the time the plaintiff sought payment. This appeal followed.

## I

We first address the plaintiff's claim that the court improperly modified the referee's findings of fact. Although we disagree with the plaintiff that the court modified the findings of fact, we conclude that the court drew an improper conclusion from those facts.

The plaintiff contrasts the referee's finding that "[t]he loan arrangement between the parties was an oral loan contract fully executed on the part of the plaintiff [and] said loan was payable on demand by the plaintiff 'when she needed the money'," to the reviewing court's statement that the loan was in the form of a "fully executed demand note." We disagree with the plaintiff that those statements represent conflicting findings of fact. Rather, they are conflicting statements of law.

The relevant findings of fact submitted to the court were that (1) on December 23, 1993, the plaintiff had a bank check in the amount of $8000 made payable to the defendant, (2) that check contained a handwritten notation that read "[l]oan from Katherine Lenares," (3) the loan was made pursuant to an oral agreement that the defendant would pay the loan back on the plaintiff's demand for payment and (4) the loan was fully executed by the plaintiff. The reviewing court did not reject any of those findings. Rather, on the basis of those findings, the court concluded that "[t]his was a fully executed demand note, and the six year statute of limitations had expired." In characterizing the claim as one involving a demand note, the court actually was drawing a conclusion of law from the subordinate facts found by the referee. Because the court relied on that legal conclusion in applying the relevant statute of limitations to

the plaintiff's claim, we next turn to whether that con-
clusion was correct.

## II

## A

In concluding that the statute of limitations began to
run on the plaintiff's claim at the time that the loan to
the defendant was made rather than at the time that
the plaintiff demanded payment, the court relied on its
conclusion that the subject matter of the action involved
a demand note. Therefore, before we address the court's
application of the statute of limitations, we must deter-
mine whether its characterization of the action as
involving a demand note was correct. "When . . . the
trial court draws conclusions of law, our review is ple-
nary and we must decide whether its conclusions are
legally and logically correct and find support in the
facts that appear in the record." (Internal quotation
marks omitted.) *Johnson Electric Co.* v. *Salce Con-
tracting Associates, Inc.*, 72 Conn. App. 342, 344, 805
A.2d 735, cert. denied, 262 Conn. 922, 812 A.2d 864
(2002).

A negotiable instrument, whether a draft or a note,
must be a writing.[4] The only written instrument involved
in the present case is the check by which the plaintiff
made payment to the defendant. Under the Uniform
Commercial Code, as enacted by our legislature, a
check is not a note at all, but rather it is defined as a
specific type of draft, i.e., one that is drawn on a bank
and payable on demand by the payee. See General Stat-

---

[4] General Statutes § 42a-3-104 and the accompanying comments provide
that any writing may be a negotiable instrument if it (1) contains an uncondi-
tional promise or order to pay a sum certain in money and no other promise,
order, obligation or power given by the maker or drawer except as otherwise
authorized, (2) is payable on demand or at a definite time and (3) is payable
to order or to bearer. A negotiable instrument is a draft if it is an order (to
pay) and it is a check if it is a draft drawn on a bank. By contrast, a negotiable
instrument is a note if it is a promise to pay, rather than an order. A demand
note is, as it name indicates, a promise to pay on the demand of the promisee.

utes § 42a-3-104 (f) and accompanying comments. By contrast, a note is defined as a written promise to pay a sum certain on demand or at a definite time. See General Statutes § 42a-3-104 (e) and accompanying comments. "Although drafts or checks and notes have many similarities and perform substantially like functions in many commercial transactions, the basic difference between the two classes of paper is that a draft or check is an order to pay money, whereas a note is a promise or undertaking to pay money. . . . [W]hen a draft is accepted by the drawee or payor, that is, the person on whom the order is drawn, it becomes in effect a promissory note of the *drawee or payor*; the acceptance is the drawee's signed agreement to pay the draft as presented." (Emphasis added.) 11 Am. Jur. 2d, Bills and Notes § 46 (1997).

It is clear from the foregoing that the check, by which the proceeds of the loan were delivered to the defendant, was not a demand note. Nor do we consider the mere notation on the subject line of the check, indicating that it was for a loan, a promise by the defendant to pay sufficient to transform the instrument into a demand note. In determining whether an instrument is a note promising payment, General Statutes § 42a-3-103 (9) makes it clear that "[a]n acknowledgement of an obligation by the obligor is not a promise unless the obligor also undertakes to pay the obligation." In an action on the contract, the check, as the instrument by which the loan proceeds were delivered, is nothing more than physical evidence that the plaintiff did in fact deliver the money to the defendant. It also may be considered as evidence that the proceeds of the check were to be a loan rather than, for example, a gift. Whatever its probative value in determining the conditions of the oral contract between the parties, however, the check does not satisfy the statutory definition of a demand note.

A loan payable on demand is not a "demand note," which refers to a writing containing an unconditional promise to pay a sum certain on demand. Such a note is typically provided to a lender as security for a loan. Nor is the check by which the proceeds of the loan were delivered a demand note. Far from being a promise by the borrower to repay the loan, that instrument was, in essence, the loan itself.

We conclude that the court's conclusion that the action involved a demand note is not legally correct and is not supported in the facts that appear in the record.

B

We next consider whether, in light of the foregoing analysis, the court improperly determined that the cause of action accrued at the time that the loan was made and that, consequently, the statute of limitations had expired. Because the matter of whether a party's claim is barred by the statute of limitations is a question of law, we review the plaintiff's claims de novo. *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 833, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

Section 52-576 (a) provides that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." The court's conclusion that the statute of limitations began to run at the time that the plaintiff delivered the check to the defendant was based on its conclusion that the subject matter of the action involved a demand note, rather than an oral contract. As we discussed in part II A, however, the controversy before the court did not involve a demand note.

The law concerning when a breach of contract action accrues is well settled. "[I]n an action for breach of

contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." (Internal quotation marks omitted.) *Tolbert* v. *Connecticut General Life Ins. Co.*, 257 Conn. 118, 124, 778 A.2d 1 (2001).

Here, the breach occurred and the injury was inflicted on the plaintiff when her demand for payment was rejected by the defendant. The referee found that the plaintiff had made demand for payment, at the earliest, in July, 1997. Accordingly, pursuant to the six year statute of limitations provided for by § 52-576, the plaintiff had until July, 2003, to bring the present action. Because the plaintiff filed the complaint on October 25, 2000, her action was timely.

The referee was entrusted with finding facts. He determined, as was his function, that interest was an element of the plaintiff's damages and that prejudgment interest pursuant to § 37-3a should be awarded from the date the plaintiff sought payment. See *Flynn* v. *Kaumeyer*, 67 Conn. App. 100, 787 A.2d 37 (2001); *Paulus* v. *LaSala*, 56 Conn. App. 139, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000). In this case, the interest due pursuant to § 52-192a (b) runs from the date of the filing of the complaint. The referee recommended that interest run from October 25, 2000, the date of the filing of the complaint, to August 21, 2001, the date of his report. The referee concluded that interest pursuant to § 37-3a equaled $2400, interest pursuant to § 52-192a equaled $789 and recommended that judgment be rendered in the amount of $11,189. The plaintiff thereafter filed a motion for judgment in accordance with the referee's report, and the defendant objected. No objection was made on the ground that the interest was calculated improperly.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the plain-

tiff in the amount of $8000, plus interest pursuant to § 37-3a from the date the plaintiff sought payment, plus interest pursuant to § 52-192a (b) from the date of the filing of the plaintiff's complaint.

In this opinion the other judges concurred.